No. 24-cv-08892 (AMD) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH PARRINO,

                                                          Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES- RAMOS, Chancellor and KATHERINE RODI, Director of Employee Relations,

                                                          Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 2-193*
*New York, N.Y. 10007*

*Of Counsel: Shivani Damera*
*Tel: (212) 356-2444*
*Matter No.: 2025-015580*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... III

ARGUMENT

    POINT I

        PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS ................................................................................. 1

    POINT II

        PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED ...................................................................................... 1

    POINT III

        PLAINTIFF'S FRAUD IN THE INDUCEMENT CLAIM IS TIME-BARRED ................................................................. 2

    POINT IV

        PLAINTIFF WAIVED HER ABILITY TO CHALLENGE THE DENIAL OF HER RELIGIOUS EXEMPTION REQUEST OR RESIGNATION ................................................................................. 3

    POINT V

        PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION ........................................................... 5

    POINT VI

        PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER § 1983 .......................................... 6

    POINT VII

        PLAINTIFF FAILS TO PLEAD A FIRST AMENDMENT FREE EXERCISE CLAIM ............................................ 7

**Page**

POINT VIII

    PLAINTIFF FAILS TO PLEAD AN EQUAL PROTECTION CLAIM............................................................................... 8

POINT IX

    PLAINTIFF FAILS TO STATE A RETALIATION CLAIM............................................................................................... 9

POINT X

    PLAINTIFF'S DUE PROCESS CLAIM FAILS AS A MATTER OF LAW................................................................. 9

CONCLUSION................................................................................................ 11

CERTIFICATE OF SERVICE ...................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                          **Pages**

Adamowicz v. Northwell Health Inc.,
    2024 U.S. Dist. LEXIS 43486
    (E.D.N.Y. Mar. 11, 2024)..................................................................................................8

Anemone v. Metro. Transp. Auth.,
    629 F.3d 97 (2d Cir. 2011).............................................................................................11

Avillan v. Donahoe,
    483 F. App'x 637 (2d Cir. 2012)....................................................................................10

Baker v. Home Depot,
    445 F.3d 541 (2d Cir. 2006)............................................................................................7

Beickert v. N.Y.C. Dep't of Educ.,
    2023 U.S. Dist. LEXIS 170719
    (E.D.N.Y. Sept. 25, 2023).................................................................................................7

Brodt v. City of NY,
    4 F. Supp. 3d 562 (S.D.N.Y. 2014).................................................................................7

Broecker v. NY City Dept. of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022).......................................................................4, 11

Bryant v. Broadcast Music Inc.,
    721 F. App'x. 78 (2d Cir. 2018)......................................................................................3

Burton v. Wells Fargo Bank, N.A.,
    738 F. Supp. 3d 272 (E.D.N.Y. 2024).......................................................................... 2-3

C.F. v. NY City Dept. of Health & Mental Hygiene,
    191 A.D.3d 52 (2d Dep't 2020).......................................................................................9

Di Rose v. PK Mgt. Corp.,
    691 F.2d 628 (2d Cir. 1982)............................................................................................5

Dortch v. NY City Dept. of Educ.,
    2016 U.S. Dist. LEXIS 39646
    (E.D.N.Y. Mar. 23, 2016)................................................................................................2

French v. Albany Med. Ctr.,
    2024 U.S. Dist. LEXIS 104192
    (N.D.N.Y. June 12, 2024)................................................................................................8

**Cases**                                                                                                                                 **Pages**

Freud v. New York City Dep't of Educ.,
    2022 U.S. Dist. LEXIS 54353
    (S.D.N.Y. Mar. 25, 2022) ....................................................................................................9

Int'l Halliwell Mines v. Cont. Copper & Steel Indus.,
    544 F.2d 105 (2d Cir. 1976) .......................................................................................................... 4-5

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022) ..................................................................................4, 8, 9

Kane v. DeBlasio,
    19 F.4th 152 (2d Cir. 2021) ..........................................................................................................9

Kramer v. Vendome Group LLC,
    2012 U.S. Dist. LEXIS 147375
    (S.D.N.Y. Oct. 4, 2012) .................................................................................................................5

Lall v. City of NY,
    2021 U.S. Dist. LEXIS 42357 (E.D.N.Y. Mar. 5, 2021) ...............................................................1

Locurto v. Safir,
    264 F.3d 154 (2d Cir. 2001) .......................................................................................................11

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973) ......................................................................................................................6

Monteleone v. Monteleone,
    162 A.D.3d 761 (2d Dep't 2018) ...................................................................................................3

Parks v. Montefiore Med. Ctr.,
    2025 U.S. Dist. LEXIS 18995
    (S.D.N.Y. Feb. 3, 2025) .................................................................................................................8

Reid v. IBM,
    1997 U.S. Dist. LEXIS 8905
    (S.D.N.Y. June 24, 1997) ..............................................................................................................5

VKK Corp. v. NFL,
    244 F.3d 114 (2d Cir. 2001) .........................................................................................................4

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) .......................................................................................................8, 9

Wilkov v. Ameriprise Fin. Servs., Inc.,
    753 F. App'x 44 (2d Cir. 2018) .....................................................................................................6

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. § 1983 | 1, 7 |
| 42 U.S.C. § 2000e, *et seq.* | 7 |
| N.Y. Educ. Law § 3020-a | 4, 11 |
| N.Y. Educ. Law § 3813 | 1 |
| N.Y. Educ. Law § 3813(1) | 2 |
| N.Y. Educ. Law § 3813(2) | 2 |
| N.Y. Educ. Law § 3813(2-b) | 2 |

# ARGUMENT

## POINT I

### PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS

Plaintiff argues that "notice of claim provisions are inapplicable to § 1983 actions brought in federal court" and as such "filing a notice of claim was not a prerequisite to the federal-court suit." See Pl.'s Opp. at 5. Defendants, however, have never argued that the applicable notice of claim requirements apply to Plaintiff's § 1983 claims. Rather, Defendants argued that Plaintiff failed to timely comply with applicable notice of claim requirements set forth in Education Law § 3813 with respect to her SHRL and CHRL claims. See Def. Mem., at 8-9. Indeed, this court has held that "[f]ailure to satisfy [§ 3813's] requirements is 'fatal' to a claim filed against a school board under state or city law regardless of whether the claim is brought in state or federal court." See Lall v. City of NY, 2021 U.S. Dist. LEXIS 42357, at *15 (E.D.N.Y. Mar. 5, 2021). As explained in Defendants' motion to dismiss, Plaintiff did not file a notice of claim until March 27, 2023, more than eleven months after learning about her "fingerprints being placed" in any alleged "Problem Code" on April 28, 2022. See Def. Mem., at 8-9. Plaintiff's failure to file a timely notice of claim within ninety days of the date on which her purported claim arose, requires her SHRL and CHRL claims be dismissed.

## POINT II

### PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED

Plaintiff argues that her CHRL and SHRL claims are not time-barred because the "Human Rights Laws now have a 3-year statute of limitations." See Pl.'s Opp. at 4. New York Education Law §§ 3813(1) and 3813(2-b), however, provides that claims against DOE for violation of the SHRL and CHRL are subject to a one-year statute of limitations. See id; see also Dortch v.

NY City Dept. of Educ., 2016 U.S. Dist. LEXIS 39646, at *28 (E.D.N.Y. Mar. 23, 2016). Moreover, Plaintiff's argument that the statute of limitations should be tolled by a "[SHRL/CHRL] complaint or EEOC charge" should be rejected because Plaintiff does not allege, as she must, that she filed an EEOC Charge or complaint with the State Division or City Commission on Human Rights.

Plaintiff's SHRL and CHRL claims are time-barred because the last alleged act underlying these claims was learning about the "misconduct charge" in April 2022. Compl. ¶27. Plaintiff, however, commenced this action more than two years later on December 30, 2024. Id.

## POINT III
## PLAINTIFF'S FRAUD IN THE INDUCEMENT CLAIM IS TIME-BARRED

Plaintiff argues that the statute of limitations for a fraud in the inducement claim is the greater of six years or two years from the time she discovered or could have discovered the fraud. Pl.'s Opp. at 6. This is incorrect because there is a one year and 90-day statute of limitations for tort claims brought against the DOE. See Education Law § 3813(2). A fraud claim accrues "at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence." Burton v. Wells Fargo Bank, N.A., 738 F. Supp. 3d 272, 293 (E.D.N.Y. 2024) (quoting Monteleone v. Monteleone, 162 A.D.3d 761, 762 (2d Dep't 2018) (internal quotations omitted)).

Plaintiff's fraudulent inducement claim is predicated on her disagreement with the "Scheinman Award" and having a "problem code" placed in her personnel file. See Compl. at ¶¶ 62, 67; Pl's Opp. at 5-6. Plaintiff's alleged fraud with respect to the "Scheinman Award" accrued, at the latest, on September 6, 2022, the date Plaintiff alleges she was terminated. See ECF Doc. No. 1, Pl.'s Exh. N, at 106. Plaintiff admits that she learned about the "problem code" in May

2

2022. Pl's Opp. at 6.[1] [2] Plaintiff commenced this action on December 30, 2024, more than a year and 90 days after her purported fraudulent inducement claims accrued.[3] This claim, is, therefore untimely.

## POINT IV

## PLAINTIFF WAIVED HER ABILITY TO CHALLENGE THE DENIAL OF HER RELIGIOUS EXEMPTION REQUEST OR RESIGNATION

In her Opposition, Plaintiff argues that her claims are not barred by the waiver and release she signed on February 20, 2022 because (1) "a statutory right conferred upon a private party but affecting the public interest may not be waived or released if such waiver or release contravenes the statutory policy" and (2) she "never signed the Waiver voluntarily, but under extreme duress." Pl.'s Opp., at 7.

Plaintiff's argument that the waiver and release "contravenes the statutory policy" because she was not "accorded substantive fair hearing and due process rights" pursuant to Education Law § 3020-a is erroneous. Pl.'s Opp., at 7. Education Law § 3020-a is inapplicable because courts in the Second Circuit have held that employment actions taken against a public employee for failure to satisfy a lawful condition of employment is unrelated to job performance, misconduct, or competency and, therefore, does not implicate applicable statutory or disciplinary

---

[1] Plaintiff cannot rely on the "continuing wrong doctrine" to toll the statute of limitations because she alleges that her "label as guilty of misconduct," which is "permanent and ongoing," is based on the single wrong of DOE allegedly placing her on a "problem code." Pl.'s Opp., at 6. The "continuing wrong" doctrine is, therefore, not applicable. See Bryant v. Broadcast Music Inc., 721 F. App'x. 78, 80 (2d Cir. 2018).

[2] In her Complaint, Plaintiff alleges that she became aware of the problem code on April 28, 2022, but then claims in her Opposition that she "never heard about the Problem Code until May 2022." See Compl., at ¶27; see also Pl.'s Opp., at 6.

[3] The fraud in the inducement claim should also be dismissed because Plaintiff failed to file a timely notice of claim. See Point I supra.

3

procedures. See Broecker v. NY City Dept. of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022); see also Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022). As a result, Plaintiff was not entitled to a § 3020-a hearing and the February 20, 2022, waiver and release did not contravene Education Law § 3020-a.

Plaintiff argues that she signed the waiver and release under duress because she was "panic-stricken into signing the lawless waiver" because she was "given seven (7) calendar days to decide [to sign the waiver], or be terminated." Pl.'s Opp., at 9. "Under New York law, a party who "intentionally accepts the benefits under the contract" or remains silent or acquiesces to the contract for a period of time after they had the opportunity to avoid it, is deemed to have ratified a contract or release entered into under duress. See VKK Corp. v. NFL, 244 F.3d 114, 123 (2d Cir. 2001). Plaintiff availed herself of the benefits of the release—the right to return and continued health benefits through September 6, 2022. Plaintiff also had ample time to repudiate the waiver and release, in the more than six months between when she signed it on February 20, 2022, and September 6, 2022. She, however, never did so. See Int'l Halliwell Mines v. Cont. Copper & Steel Indus., 544 F.2d 105, 108 (2d Cir. 1976) (The burden on a party seeking to avoid a contractual obligation on the grounds of duress "increases proportionately with the delay in . . . repudiating the contract."); Di Rose v. PK Mgt. Corp., 691 F.2d 628, 634 (2d Cir. 1982) (collecting cases in which delays ranging from six months to two years constituted a forfeiture of duress claim).

Moreover, to the extent Plaintiff claims that she signed the waiver and release under duress "to protect her children while she was off salary," the courts have held that a party "cannot successfully claim duress as a defense to a contract when [s]he had an alternative to signing the agreement, such as pursuing her legal remedies." See Kramer v. Vendome Group LLC, 2012 U.S. Dist. LEXIS 147375, at *17 (S.D.N.Y. Oct. 4, 2012) (internal quotations omitted); Reid v. IBM,

4

1997 U.S. Dist. LEXIS 8905, at *22-23 (S.D.N.Y. June 24, 1997) ("Courts have found this option -- turning down the additional severance and pursuing legal claims -- to be a reasonable alternative, even if a hefty financial incentive is offered for signing the Release.").

By accepting the benefits of the waiver and release, Plaintiff ratified it and fully released Defendants from the claims that she has asserted in the instant matter, claims that were commenced years after Plaintiff received the benefits of the waiver and release. Plaintiff's claims must, therefore, be dismissed.

## POINT V
## PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION[4]

In their motion to dismiss, Defendants argued that Plaintiff was not qualified for her position because she failed to meet a lawful condition of employment. See Def. Mem., at 13-14. Defendants further argued that the Complaint is devoid of any facts that suggest Plaintiff's religion was a motivating factor in any of the alleged conduct. See id. at 14-15. Plaintiff did not meaningfully respond to these arguments and, therefore, has conceded them. See Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44 (2d Cir. 2018) (failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument). Further, Plaintiff's Opposition fails to cure any of the Complaint's blatant deficiencies with respect to identifying a comparator as Plaintiff still fails to allege a single fact to plausibly suggest that "RF" and the "[o]thers [who] were granted their accommodations" were, in fact, similarly situated **in all material respects** to Plaintiff. Pl.'s Opp., at 10.

Instead of addressing Defendants' arguments, Plaintiff argues that "Defendant[s']

---

[4] As noted in Defendants' motion to dismiss (Def. Mem., at 9-10) and supra Point III, any alleged religious discrimination based on Plaintiff's reasonable accommodation request is time-barred under the SHRL and CHRL.

5

invocation of 'undue' hardship defenses are plainly false pretexts for attempting to cover for Defendants[s'] explicit religious discrimination." Pl.'s Opp., at 12-13. Specifically, Plaintiff asserts that "DOE lie[d] about an undue burden" and that "they did not obey their own rules and procedures." Id. at 11. In support of these claims, Plaintiff relies on inadmissible hearsay articles on the internet website of a putative advocate for teachers ("Advocatz"). Indeed, a plain reading of the deposition transcripts of Katherine Rodi and Eric Eichenholtz, upon which the article purportedly relies, indicate that these deponents did not make any of the statements Plaintiff claims they made. See Depo. Tr. of Katherine G. Rodi, annexed to the Declaration of Assistant Corporation Counsel Shivani R. Damera, dated July 22, 2025 ("Damera Decl.") as Exh. A; see also Depo. Tr. of Eric J. Eichenholtz, annexed to the Damera Decl. as Exh. B. Even if the Court were to give any credence to this argument, it cannot avoid dismissal because the issue of pretext can never arise if Plaintiff does not first set forth a prima facie claim of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff cannot do so because her refusal to get vaccinated rendered her no longer qualified to perform her job. Plaintiff also does not allege facts to suggest that religion was a motivating factor.

### POINT VI

### PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER § 1983[5]

In her Opposition, Plaintiff appears to both argue that Defendant never gave her an "explanation for the denial [of her reasonable accommodation request]" and informed her that her request was denied because of "undue burden." See Pl.'s Opp., at 17. The former assertion is plainly untrue because the Citywide Panel clearly told Plaintiff that the decision to deny her appeal

---

[5] As noted in Defendants' motion to dismiss (Def. Mem., at 9-10) and supra Point III, any alleged religious discrimination based on Plaintiff's reasonable accommodation request is time-barred under the SHRL and CHRL.

was because "DOE has demonstrated that it would be an undue hardship to grant accommodation to the employee given the need for a safe environment for in-person learning." See Pl.'s Exh. F.

Plaintiff acknowledges that an "employer must offer a reasonable accommodation unless doing so would cause the employer to suffer an undue hardship." See Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). Notwithstanding, Plaintiff insists that she was entitled to a reasonable accommodation. In Plaintiff's case, there is simply no question that granting her requested exemption would have imposed an undue hardship *as a matter of law*. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *14-17 (E.D.N.Y. Sept. 25, 2023); Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022) (Plaintiff's "inability to teach [her] students safely in person present more than a de minimis cost.).”

The fact that Plaintiff now claims that she could have been accommodated without an undue hardship by assigning her to non-teaching administrative duties outside of a classroom does not save her claims. See Pl.'s Opp., at 19. This is because Plaintiff only requested to be completely exempted from the Vaccine Mandate. See ECF Doc. No. 1, Pl.'s Exh. F, at 60-61. This failure precludes her from now claiming she was entitled or should have been offered an alternative accommodation. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 292 (2d Cir. 2021) ("Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated.").

Accordingly, Plaintiff's failure to accommodate claims should be dismissed.

## POINT VII

### PLAINTIFF FAILS TO PLEAD A FIRST AMENDMENT FREE EXERCISE CLAIM

Plaintiff's Opposition fails to make any argument in support of her First Amendment Free Exercise Claim. Rather, Plaintiff simply regurgitates case law about the First

7

Amendment without positing why her First Amendment claim should not be dismissed. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8.

In any event, the Vaccine Mandate has consistently been upheld as a lawful and constitutionally permissible condition of employment. The Vaccine Mandate applied equally to all DOE employees and is facially neutral because "its restrictions apply equally to those who choose to remain unvaccinated for any reason," not just for religious reasons. See Kane v. DeBlasio, 19 F.4th 152, 164 (2d Cir. 2021). Because a law that is facially neutral and generally applicable is subject to rational basis review even if it incidentally burdens a particular religious practice, the relevant inquiry is whether there is a rational basis for the enforcement of the Vaccine Mandate. The Vaccine Mandate is "a reasonable exercise of the [City's] power to act to protect the public health" during the COVID-19 pandemic, and survives rational basis review. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 280 (2d Cir. 2021); see also Kane, 19 F.4th at 166; C.F. v. NY City Dept. of Health & Mental Hygiene, 191 A.D.3d 52, 69 (2d Dep't 2020). Accordingly, Plaintiff's Free Exercise claims must be dismissed.

## POINT VIII
### PLAINTIFF FAILS TO PLEAD AN EQUAL PROTECTION CLAIM

Plaintiff's Opposition fails to identify any **similarly situated individuals** who were otherwise treated better by having their accommodation approved or being reinstated; this is fatal to her Equal Protection Clause claims. See Kane, 623 F. Supp. 3d at 363. Indeed, it is plainly apparent that Plaintiff (a teacher) is not similarly situated in all material respects to "delivery people, school bus drivers, [and] food servers." Pl.'s Opp., at 15. Thus, Plaintiff's allegations are nothing more than "naked assertions" which "are insufficient to survive the pleading stage." Freud v. New York City Dep't of Educ., 2022 U.S. Dist. LEXIS 54353, at *20-21 (S.D.N.Y. Mar. 25, 2022).

8

## POINT IX
### PLAINTIFF FAILS TO STATE A RETALIATION CLAIM

Plaintiff fails to address Defendants' argument that because the Vaccine Mandate was set in motion before Plaintiff applied for an exemption, it was neither personal to her nor based on protected activity and as such cannot be the basis of a retaliation claim. See Def. Mem., at 20-21. Instead, Plaintiff impermissibly attempts to amend her Complaint and relies solely on a newly-alleged theory of retaliation based on the First Amendment. See Pl.'s Opp., at 20-22.

As an initial matter, Plaintiff has abandoned her claim that she was retaliated against under Title VII by the DOE for not getting vaccinated with the COVID vaccine. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8. Furthermore, Plaintiff's claim of retaliation under the First Amendment is improperly pled for the first time in opposition, and consistent with settled caselaw, this new alleged cause of action should not be considered by this Court. See Avillan v. Donahoe, 483 F. App'x 637, 639 (2d Cir. 2012).[6]

## POINT X
### PLAINTIFF'S DUE PROCESS CLAIM FAILS AS A MATTER OF LAW

Plaintiff asserts that her due process rights were violated because she "was punished with a Problem Code without any notice, and no procedure to remove it from her personnel file." Pl.'s Opp., at 21. Plaintiff also claims that she "was never given any due process because both the

---

[6] Plaintiff's First Amendment retaliation claim still fails as a matter of law. In her opposition, Plaintiff now contends that she "engaged in speech protected by the First Amendment, namely discussing her religious beliefs, that she suffered an adverse employment action . . . and that a causal connection between the two existed." Pl.'s Opp. at 20. While Plaintiff's Complaint and opposition are devoid of any allegation that she engaged in protected speech, except to explain the reason to be exempt from the Vaccine Mandate, Plaintiff still fails to state a plausible claim that she was terminated because of the "speech" and not because she failed to comply the Vaccine Mandate.

9

solas submissions and the Citywide Panel never heard her arguments." Id.

It is well settled in this Circuit that the Vaccine Mandate does not violate substantive or procedural due process rights. See Broecker, 585 F. Supp. 3d 299. The Second Circuit has also held that there is no due process violation where the plaintiff is given pre-deprivation notice and the deprivation can be fully remedied via an Article 78. Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001).

As Plaintiff herself concedes, she availed herself of the DOE's accommodation process. See Pl.'s Opp., at 10. Thus, Plaintiff had sufficient pre-deprivation process. See Broecker, 585 F. Supp. 3d at 317. As to any post-deprivation process, "[i]t is well-established that the Article 78 proceeding 'constitutes a wholly adequate post-deprivation hearing for due process purposes.'" Locurto, 264 F.3d at 175. Plaintiff had the opportunity to seek relief via an Article 78 proceeding but chose not to avail herself of that available remedy. Plaintiff's decision, however, does not change the fact that she had an available post-deprivation remedy that was adequate for due process purposes.[7]

In addition, for the reasons set forth above (supra Point IV), Plaintiff was not entitled to a hearing under Education Law 3020-a because the issue of vaccination involves a condition of employment and not some other basis for termination such as misconduct.

---

[7] Plaintiff's stigma plus claim fails as a matter of law because "[a]n Article 78 proceeding provides the requisite post-deprivation process—even if [a plaintiff] failed to pursue it." See Anemone v. Metro. Transp. Auth., 629 F.3d 97, 121 (2d Cir. 2011).

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in their initial moving papers, Defendants respectfully request that this Court grant its motion to dismiss the Complaint and dismiss Complaint, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         July 22, 2025

                                       **MURIEL GOODE-TRUFANT**
                                       Corporation Counsel of the City of New York
                                       Attorney for Defendants
                                       100 Church Street, Room 2-193
                                       New York, New York 10007
                                       (212) 356-2444

        By:    /s/ *Shivani Damera*
                       Shivani R. Damera
                       Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ELIZABETH PARRINO,   24-cv-08892 (AMD) (JRC)

                        Plaintiff,

    -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, MELISSA AVILES- RAMOS,
Chancellor and KATHERINE RODI, Director of Employee
Relations,

                        Defendants.

------------------------------------------------------------------------ X

      **Shivani R. Damera**, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, certifies pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that the total number of words in the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, exclusive of the cover page, captions, table of authorities, table of contents, and signature block, is 3,240 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Thus, the document complies with the word count limit of no more than 3,500 words set forth in Rule 7.1(c).

Dated:      New York, New York
               July 22, 2025

                                            /s/ *Shivani Damera*
                                            Shivani R. Damera
                                            Assistant Corporation Counsel