No. 24-cv-08892 (AMD) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH PARRINO,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, MELISSA AVILES- RAMOS,
Chancellor and KATHERINE RODI, Director of
Employee Relations,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S FRCP 60(B)(1)(2)(3) MOTION TO
ALTER THE FEBRUARY 13, 2026 JUDGMENT
AND OBTAIN TIME TO SUBMIT  AN AMENDED
COMPLAINT**

**STEVEN BANKS**

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-197
New York, N.Y. 10007

*Of Counsel:  Shivani Damera*
*Tel:  (212) 356-2444*
*Matter No.: 2025-015580*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................... **ERROR! BOOKMARK NOT DEFINED.**

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY..................................................................................... 1

STANDARD OF REVIEW ..................................................................................... 2

ARGUMENT

      POINT I

           PLAINTIFF FAILS TO DEMONSTRATE ANY CIRCUMSTANCES THAT WOULD ENTITLE HER TO RELIEF FROM JUDGMENT...................................................... 3

           A.    Rule 60(b)(1)....................................................................3

           B.    Rule 60(b)(2)....................................................................6

           C.    Rule 60(b)(3)....................................................................8

      POINT II

           PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HER COMPLAINT IS FUTILE ............................................. 10

CONCLUSION.................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Pages**

Algarin v. NYC Health + Hosps. Corp.,
    678 F. Supp. 3d 497 (S.D.N.Y. 2023)............................................................................11

Apuzza v. NYU Langone Long Island,
    2024 U.S. Dist. LEXIS 130170 (E.D.N.Y. 2024)............................................................3

Beickert v. NY City Dept. of Educ.,
    2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sep. 25, 2023)..............................................6

BOUSA, Inc. v. United States (In re Bulk Oil (USA) Inc.),
    2007 U.S. Dist. LEXIS 27346 (S.D.N.Y. 2007).............................................................3

Broecker v. NY City Dept. of Educ.,
    2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. Mar. 30, 2023)...........................................5, 6

Bronson v. New York,
    2010 U.S. Dist. LEXIS 36147 (E.D.N.Y. 2010)...........................................................11

Castro v. Bank of N.Y. Mellon,
    852 F. App'x 25 (2d Cir. 2021) .....................................................................................8

Coombs-Moreno et al. v. City of N.Y.,
    2024 U.S. Dist. LEXIS 173750 (E.D.N.Y. 2024).........................................................11

Fleming v. New York Univ.,
    865 F.2d 478 (2d Cir. 1989)..........................................................................................8

Flowers v. Conn. Light & Power Co.,
    2021 U.S. App. LEXIS 35105 (2d Cir. 2021) ..............................................................11

Groff v. DeJoy,
    600 U.S. 447 (2023)...................................................................................................5, 6

Hamilton v. Lee,
    188 F. Supp. 3d 221 (E.D.N.Y. 2016) ...........................................................................3

Hurley v. Dept. of Educ. of the City of NY,
    2025 U.S. Dist. LEXIS 188282 (E.D.N.Y. Sep. 23, 2025)......................................... 5-6

Jeanty v. City of Utica,
    2024 U.S. App. LEXIS 25275 (2d Cir. 2024) ................................................................7

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) .......................................................................................5, 6

| **Cases** | **Pages** |
|---|---|

Kane v. De Blasio,
623 F. Supp. 3d 339 (S.D.N.Y. 2022)..................................................................................6

King v. First. Am. Investigations, Inc.,
287 F.3d 91 (2d Cir. 2002)...................................................................................9

Kotlicky v. United States Fidelity & Guar. Co.,
817 F.2d 6 (2d Cir. 1987)...................................................................................2

Kumaran v. Nat'l Futures Ass'n,
2025 U.S. Dist. LEXIS 141225 (S.D.N.Y. July 23, 2025) ........................................................4

Masciarelli v. New York City Department of Education,
24-cv-7553 ...................................................................................7

Nemaizer v. Baker,
793 F.2d 58 (2d Cir. 1986)...................................................................................2

Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of NY,
42 N.Y.3d 986 (2024) ...................................................................................9

Matter of O'Reilly v. Board of Education et al.,
213 A.D.3d 560 (1st Dep't 2023) ...................................................................................5

Matter of O'Reilly,
2024 NY Slip Op 05130 ...................................................................................10

Paddington Partners v. Bouchard,
34 F.3d 1132 (2d Cir. 1994)...................................................................................2

Palladino v. JPMorgan Chase & Co.,
807 F. Supp. 3d 163 (E.D.N.Y. 2025) ...................................................................................3

Romain v. Capital One, N.A.,
2014 U.S. Dist. LEXIS 152399 (E.D.N.Y. 2014)...................................................................................3

Ruotolo v. City of New York,
514 F.3d 184 (2d Cir. 2008)...................................................................................2

SEC v. Curran,
2024 U.S. Dist. LEXIS 124280 (E.D.N.Y. 2024)...................................................................................3

Shakur Jahad v. Holder,
2023 U.S. Dist. LEXIS 215553 (S.D.N.Y. 2023)...................................................................................10

**Cases**                                                                                                          **Pages**

Shrader v. CSX Transp., Inc.,
   70 F.3d 255 (2d Cir. 1995)..............................................................................................2, 6

Tatintsian v. Vorotyntsev,
   2026 U.S. Dist. LEXIS 66179 (S.D.N.Y. Mar. 27, 2026) .........................................4

Valle v. Police Dep't Suffolk Cent. Records,
   2010 U.S. Dist. LEXIS 107315, 2010 WL 3958432
   (E.D.N.Y. 2010).......................................................................................................10

Van Buskirk v. United Grp. of Cos.,
   935 F.3d 49 (2d Cir. 2019)..........................................................................................2

Williams v. Citigroup Inc.,
   659 F.3d 208 (2d Cir. 2011)......................................................................................10

**Statutes**

42 U.S.C. § 1983...............................................................................................................1

FRCP 60(3) .......................................................................................................................1

FRCP 60(b) ................................................................................................................1, 2, 3

FRCP 60(b)(1) ...............................................................................................................1, 3

FRCP 60(b)(1)(2)(3) .........................................................................................................2

FRCP 60(b)(2) .......................................................................................................1, 6, 7, 8

FRCP 60(b)(3) ...................................................................................................................8

N.Y.C. Admin. Code §§ 8-101, et seq. ............................................................................1

N.Y. Educ. Law § 3020 .........................................................................................1, 6, 8, 9

N.Y. Educ. Law § 3020-a ................................................................................1, 6, 8, 9, 10

N.Y. Educ. Law § 3020-a(2)(a) ........................................................................................6

N.Y. Educ. Law § 3813 ...................................................................................................11

N.Y. Exec. Law §§ 296, et seq. ........................................................................................1

iv

## PRELIMINARY STATEMENT

Plaintiff Elizabeth Parrino purportedly moves pursuant to Rules 60(b)(1), (2), and (3), Federal Rules of Civil Procedure to "alter" the Court's Memorandum Decision and Order ("Decision"), dated February 13, 2026, which granted Defendants' Motion to Dismiss the Complaint and dismissed Plaintiff's Complaint with prejudice. Plaintiff also requests leave to file an Amended Complaint.

Plaintiff does not identify any mistake, surprise, neglect, newly discovered evidence, misrepresentation or fraud that would warrant relief under Rule 60(b). Instead, Plaintiff merely reiterates arguments that she raised in her opposition to Defendants' Motion to Dismiss. That is an insufficient basis to be granted relief. Plaintiff's additional request to be granted leave to amend her Complaint should be dismissed as futile. Accordingly, for the reasons explained *infra*, Plaintiff's motion should be denied.

## PROCEDURAL HISTORY

On December 30, 2024, Plaintiff filed the instant action against New York City Department of Education ("DOE"), Melissa Aviles-Ramos ("Aviles-Ramos"), and Katherine Rodi ("Rodi") (sometimes collectively, "Defendants"), bringing a myriad of claims[1] stemming from Plaintiff's refusal to comply with the COVID-19 Vaccine Mandate applicable to DOE employees and her subsequent termination. See generally Compl., ECF Doc. No. 1. On May 16, 2025, Defendants moved to dismiss the Complaint in its entirety ("Motion to Dismiss"). See ECF Doc. Nos. 10-12. Plaintiff filed her opposition on June 24, 2025 ("Pl.'s MTD Opp."), and Defendants

---

[1] Plaintiff brings claims under 42 U.S.C. § 1983, Stigma Plus, First, Fifth and Fourteenth Amendments of the United States Constitution, Education Law § 3020 and § 3020-A, the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.* ("SHRL"), and the New York City Human Rights Law, and N.Y.C. Administrative Code §§ 8-101, *et seq.* ("CHRL"). See generally Compl.

filed their reply on July 22, 2025. <u>See</u> ECF Doc. Nos. 14, 16. On February 13, 2026,[2] the Court entered its Decision, granting Defendants' Motion to Dismiss and dismissing the Complaint in its entirety, with prejudice.[3] <u>See</u> ECF Doc. No. 17.

On March 13, 2026, Plaintiff filed her "FRCP Rule 60(b)(1)(2)(3) Motion to Alter the February 13, 2026 Judgment and Obtain Time to Submit an Amended Complaint" ("Motion for Reconsideration" or "Pl.'s Mot."). <u>See</u> ECF Doc. No. 19. Defendants now oppose.

## STANDARD OF REVIEW

A motion for reconsideration under Rule 60(b) allows a party to seek relief from a judgment, "strik[ing] a balance between serving the ends of justice and preserving the finality of judgments." <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986); <u>see also</u> <u>Kotlicky v. United States Fidelity & Guar. Co.</u>, 817 F.2d 6, 9 (2d Cir. 1987). It is "extraordinary judicial relief" that is granted "only upon a showing of exceptional circumstances."[4] <u>Nemaizer</u>, 793 F.2d at 61; <u>see also</u> <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008); <u>Paddington Partners v. Bouchard</u>, 34 F.3d 1132, 1142 (2d Cir. 1994)). The standard for granting reconsideration is strict and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Van Buskirk v. United Grp. of Cos.</u>, 935 F.3d 49, 54 (2d Cir. 2019) (citing <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding

---

[2] The Clerk's Judgment dismissing the Complaint with prejudice was entered on February 13, 2026. <u>See</u> ECF Doc. No. 18.

[3] The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. <u>See</u> Decision at 18.

the original motion." <u>Romain v. Capital One, N.A.</u>, 2014 U.S. Dist. LEXIS 152399, at *3 (E.D.N.Y. 2014); <u>see also</u> <u>Palladino v. JPMorgan Chase & Co.</u>, 807 F. Supp. 3d 163, 171 (E.D.N.Y. 2025) ("Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already carefully analyzed and justifiably disposed.") (internal quotations and citation omitted).

<u>ARGUMENT</u>

<b>POINT I</b>

<b>PLAINTIFF FAILS TO DEMONSTRATE ANY<br>CIRCUMSTANCES THAT WOULD ENTITLE<br><u>HER TO RELIEF FROM JUDGMENT</u></b>

**A.    Rule 60(b)(1)**

FRCP Rule 60(b)(1) permits relief from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. <u>See</u> Fed. R. Civ. P. 60(b)(1); <u>see also</u> <u>SEC v. Curran</u>, 2024 U.S. Dist. LEXIS 124280, at *4-5 (E.D.N.Y. 2024). This can include a mistake in law brought to light by new authority. <u>Id</u>. However, "[d]issatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." <u>Apuzza v. NYU Langone Long Island</u>, 2024 U.S. Dist. LEXIS 130170, at *7 (E.D.N.Y. 2024) (quoting <u>Hamilton v. Lee</u>, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016)). Indeed, Rule 60(b)(1) does not "provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." <u>BOUSA, Inc. v. United States (In re Bulk Oil (USA) Inc.)</u>, 2007 U.S. Dist. LEXIS 27346, at *30 (S.D.N.Y. 2007) (internal quotations omitted). Plaintiff largely attempts to do just that, and in doing so, fails to identify any mistakes of law or controlling decisions that the Court overlooked in reaching its decision.

Plaintiff appears to, rather inartfully, claim that she is entitled to relief because the Court "is biased against Plaintiff" and "favors the City Law Department representing [sic] the

3

Defendants." Pl.'s Mot. at 3; see also id. at 1 ("Order showed bias against the Plaintiff"). The basis for this inflammatory accusation is Plaintiff's disagreement with the Decision. However, "it is well-settled that a judge's adverse rulings and decisions . . . almost never are a valid basis for a party to seek disqualification based on bias or impartiality." Kumaran v. Nat'l Futures Ass'n, 2025 U.S. Dist. LEXIS 141225, at *5 (S.D.N.Y. July 23, 2025) (internal quotations and citation omitted). To obtain recusal on this basis, the judge must rely upon "knowledge acquired outside" of the proceedings or displays "deep-seated and unequivocal antagonism that would render fair judgment impossible." Tatintsian v. Vorotyntsev, 2026 U.S. Dist. LEXIS 66179, at *4 (S.D.N.Y. Mar. 27, 2026) (internal quotations and citation omitted). Plaintiff does not meaningfully argue or present any evidence of either. Further, it is clear that this claim is simply Plaintiff's attempt to re-litigate the merits of the Decision. That is improper. See id. at *5.

Plaintiff contends that the Decision "was clearly improper" when it stated that "the plaintiff was not seeking an accommodation[;] [r]ather, she was seeking a blanket exemption from the vaccination requirement." See Pl.'s Mot. at 1. According to Plaintiff, her Complaint, the Second Circuit, and Rodi's deposition testimony all support that she was "applying for a religious accommodation not just an exemption." Id. at 1-2, 5. The distinction Plaintiff attempts to draw is, frankly, irrelevant because Plaintiff unequivocally and undeniably requested to be totally exempt from the COVID-19 vaccine requirement. Indeed, Plaintiff explicitly stated that she was "writing this letter to formally apply for a **religious exemption** for the COVID-19 vaccination mandate." See ECF Doc. No. 1, Plaintiff's Exhibit F, at 60-61 (emphasis added). The Court was clearly and obviously correct in stating that Plaintiff only requested a religious exemption to the COVID-19 vaccine requirement.

4

Plaintiff's contention that her placement on Leave Without Pay ("LWOP") was invalid as a matter of law because "Martin Scheinman's Appeal Process was thrown out as unconstitutional" is similarly unavailing. See Pl.'s Mot. at 2. While the Second Circuit in Kane v. De Blasio, 19 F.4th 152, 176-177 (2d Cir. 2021), ordered that plaintiffs were entitled to "fresh consideration of their requests for a religious accommodation by a central citywide panel," it did not state that placement on LWOP was unconstitutional. The Arbitration Agreement established the process by which DOE employees could apply for an accommodation to the Vaccine Mandate and, critically, the steps DOE could take to separate those employees who failed to comply with the Vaccine Mandate. See Mot. to Dismiss at 3-4. As a third-party beneficiary, Plaintiff does not have standing to challenge the Arbitration Agreement. See Broecker v. NY City Dept. of Educ., 2023 U.S. Dist. LEXIS 55541, at *8-9 (E.D.N.Y. Mar. 30, 2023); Matter of O'Reilly v. Board of Education et al., 213 A.D.3d 560, 565 (1st Dep't 2023). Accordingly, any claims challenging her placement on LWOP and termination, both which were processes provided for in the Arbitration Agreement, were properly dismissed.

Plaintiff's Motion for Reconsideration also asserts that the Court "made a reversible error in agreeing with the Defendant in denying Plaintiff's request for a religious exemption/accommodation on the basis of 'undue hardship' without any particulars required by a recent decision in Groff v. Dejoy, particularly proof of undue hardship in "dollars." See Pl.'s Mot., at 6-7. Under Groff, undue hardship is not merely proved based on monetary cost but looks at the effect of the requested accommodation's effect on the "conduct of the employer's business." Groff v. DeJoy, 600 U.S. 447, 472 (2023). In any event, contrary to Plaintiff's argument, the Court employed the Groff standard in evaluating whether Plaintiff's request for a religious exemption posed an undue hardship, as evidenced by its citations to Hurley v. Dept. of Educ. of the City of

5

NY, 2025 U.S. Dist. LEXIS 188282, at *17-21 (E.D.N.Y. Sep. 23, 2025), and <u>Beickert v. NY City Dept. of Educ.</u>, 2023 U.S. Dist. LEXIS 170719, at *14-15 (E.D.N.Y. Sep. 25, 2023). Both applied the definition of undue hardship set forth in <u>Groff</u>. <u>See</u> Decision at 10. The Court's citation and reliance on these decisions also undermines Plaintiff's related argument that the Court erred in only holding Defendants to a "more than a minimal hardship" standard. Pl.'s Mot. at 7.

Plaintiff also claims the Court "ignore[d] the fact that Education Law § 3020, § 3020-a(2)(a) and the procedures stated in Sections 1 and 2 are Constitutional, public policy in New York State, and cannot be waived or bargained away." <u>See</u> Pl.'s Mot., at 9. Rather than ignoring Plaintiff's Education Law § 3020 and § 3020-a claims, the Court correctly noted that "[t]he COVID-19 vaccine mandate was 'a lawful condition of employment'" and once Plaintiff "refused to get the vaccine, she was no longer qualified for her position." <u>See</u> Decision at 8 (citing <u>Broecker</u>, 585 F. Supp. 3d at 316). Therefore, Education Law § 3020-a is inapplicable because employment actions taken against a public employee for failure to satisfy a lawful qualification of employment is unrelated to job performance, misconduct, or competency and, therefore, does not implicate applicable statutory or disciplinary procedures. <u>See</u> <u>Broecker</u>, 585 F. Supp. 3d at 314 ; <u>see also</u> <u>Kane v. De Blasio</u>, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022). While Plaintiff clearly disagrees with the court's reasoning in <u>Broecker</u> and <u>Kane</u>, this Court's reliance on those cases is not misplaced and, as such, Plaintiff's arguments are nothing more than an attempt to relitigate issues that have already been decided. That is not a basis to be granted reconsideration. <u>See</u> <u>Shrader</u>, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

**B.    Rule 60(b)(2)**

"Rule 60(b)(2) authorizes a court to relieve parties from a final judgment in the face of 'newly discovered evidence that, with reasonable diligence, could not have been discovered in

6

time to move for a new trial.'" Jeanty v. City of Utica, 2024 U.S. App. LEXIS 25275, at *4 (2d Cir. 2024) (quoting Fed. R. Civ. P. 60(b)(2)). "To prevail on a motion under Rule 60(b)(2), the movant must establish that: (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not merely cumulative or impeaching." Id.

Plaintiff argues that "'undue burden' was used as pretext to cover up the Defendants' religious discrimination and retaliation," as supported by the "recently released" deposition testimony of Rodi in Masciarelli v. New York City Department of Education, 24-cv-7553. See Pl.'s Mot, at 2-3. Ms. Rodi's deposition testimony cannot qualify as "new evidence" because Plaintiff relied upon it in arguing against dismissal. See Pl's MTD Opp. at 11 (ECF Doc. No. 14). Even assuming it could qualify as new evidence, Plaintiff not only cherry picks Rodi's testimony but takes it entirely out of context.

A plain reading of the transcript indicates that Rodi testified that requests for religious exemption were not automatically denied, religion was not a consideration in denying exemption requests, and that the basis for undue hardship was the risk to the vulnerable and still primarily unvaccinated student population and other employees. See Depo. Tr. of Katherine G. Rodi ("Rodi Dep. Tr."), annexed to the Declaration of Assistant Corporation Counsel Shivani R. Damera, dated April 3, 2026 ("Damera Aff.") as Exh. A, at 31:23 - 32:4; 22:16-24:23. This was the same reason the Citywide Panel provided for denying Plaintiff's appeal. See ECF Doc. No. 1, at 65 ("DOE has demonstrated that it would be an undue hardship . . . given the need for a safe environment."). Moreover, Rodi's deposition testimony does not even come close to satisfying

7

any of the "methods of proving that an employer's reason for taking an adverse employment action is false" that she outlines in her Motion for Reconsideration. <u>See</u> Pl.'s Mot. at 3-4.

It is apparent that Plaintiff is improperly re-hashing the same arguments in Plaintiff's MTD Opposition. That is not a basis for relief under Rule 60(b)(2). Further, Ms. Rodi's deposition testimony does not qualify as new evidence and does not even support the argument Plaintiff advances.

**C.      Rule 60(b)(3)**

FRCP Rule 60(b)(3) provides for relief from judgement for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). It is well established that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." <u>Fleming v. New York Univ.</u>, 865 F.2d 478, 484 (2d Cir. 1989). In order to succeed on this basis, Plaintiff "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." <u>Castro v. Bank of N.Y. Mellon</u>, 852 F. App'x 25, 29 (2d Cir. 2021) (internal quotations and citation omitted).

Plaintiff does not identify or argue that Defendants engaged in any conduct that prevented her from fully and fairly opposing the motion to dismiss. The only reference to any alleged false statement is Plaintiff's claim that Defendants falsely argued "that anything to do with vaccinations, even alleged misconduct, is somehow excluded from" the due process procedures set forth in Education Law §§ 3020 and 3020-a.[5] <u>See</u> Pl.'s Mot., at 9. In Plaintiff's MTD Opposition, Plaintiff argued that she was entitled to due process under these statutes. Pl.'s MTD

---

[5] Defendants interpret Plaintiff to be referring to the hearing procedures required by Educ. Law § 3020 and § 3020-a.

Opp. at 7-8 (ECF Doc. No. 14). The Court did not address Plaintiff's claim that Defendants violated the Education Law because it declined to exercise supplemental jurisdiction over this or any other state law claims. Decision at 18. Thus, it is totally apparent that Plaintiff was not and has not ever been prevented from fully presenting her arguments. Nonetheless, the Court of Appeals affirmed that the procedures mandated by Education Law § 3020 and § 3020-a *are not implicated* in enforcement of the Vaccine Mandate. See Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of NY, 42 N.Y.3d 986, 991 (2024). Defendants' argument, therefore, cannot have been false.

Plaintiff also appears to argue that the Court did not acknowledge the "fraud on Federal rights and public employment law in New York City" occasioned by the Arbitration Agreement or that "Defendants fraudulently mislead [sic] excellent tenured public employees such as Plaintiff to their employment doom by creating Rodi's General Committee and the Citywide Panel." Pl.'s Mot., at 2, 8. To the extent Plaintiff's convoluted argument challenges the Arbitration Agreement, it is unclear how the Court's acknowledgment of Plaintiff's claim that it was "fraudulent" would have had any impact on the Court's decision, particularly in light of its well-reasoned analysis. Moreover, as set forth above, Plaintiff has no standing to challenge the Arbitration Agreement. Plaintiff's disagreement with the denial of her religious exemption request and subsequent appeal was not fraudulent, clearly did not affect her ability to oppose the Motion to Dismiss, and does not even allege that the Decision was obtained by fraud, much less establish by clear and convincing evidence that such fraud occurred. See King v. First. Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002) ("Fraud upon the court must be established by clear and convincing evidence.").

9

## POINT II

### PLAINTIFF'S REQUEST FOR <u>LEAVE TO AMEND HER COMPLAINT IS FUTILE</u>

Where, as is the case here, a party seeks leave to file an amended complaint after judgment is entered, the Court may deny leave if the proposed amendments remain insufficient to remedy the deficiencies in her claims. <u>See</u> <u>Williams v. Citigroup Inc.</u>, 659 F.3d 208, 214 (2d Cir. 2011). "[L]eave to amend is properly denied where all indications are that the pro se plaintiff will be unable to state a valid claim." <u>Shakur Jahad v. Holder</u>, 2023 U.S. Dist. LEXIS 215553, at \*27 (S.D.N.Y. 2023) (citing <u>Valle v. Police Dep't Suffolk Cent. Records</u>, 2010 U.S. Dist. LEXIS 107315, 2010 WL 3958432, at \*2 (E.D.N.Y. 2010).

Plaintiff seeks to amend her Complaint "in order to enlarge the Constitutional due process argument and her denial of that due process as a matter of justice or equity." Pl.'s Mot. at 12. Any Due Process claims stemming from Plaintiff's failure to comply with the Vaccine Mandate fail as a matter of law because as the Court properly noted, Plaintiff's "ability to request the exemption and appeal constituted an adequate pre-termination opportunity to respond, and her ability to pursue Article 78 remedies satisfied the post-termination administrative procedures as provided by state statute for her to have received due process." Decision at 16 (internal quotations omitted).

Plaintiff also requests leave to amend so she can "prove" that she did not receive "a fair pre-termination hearing." Pl.'s Mot. at 10. As discussed in Point I(C), the Court of Appeals has definitively found that enforcement of the Vaccine Mandate does not implicate § 3020-a hearing procedures. <u>See</u> <u>Matter of O'Reilly</u>, 42 N.Y.3d at 991. Thus, any such claim will, again, be dismissed.

10

Plaintiff also seeks to amend her Complaint with respect to her failure to accommodate claim because "she has the same facts and evidence" as one of the plaintiffs in Coombs-Moreno et al. v. City of N.Y., whose claims survived a motion to dismiss. See Pl.'s Mot. at 11; see also Coombs-Moreno, 2024 U.S. Dist. LEXIS 173750, at *19 (E.D.N.Y. 2024).[6] Coombs-Moreno is neither controlling nor instructive because the court stated it could not determine the issue of undue hardship "from within the four corners of the complaint." 2024 U.S. Dist. LEXIS 173750, at *19. *This* Court, in evaluating *this* Complaint, concluded that granting Plaintiff an exemption to the Vaccine Mandate would have been an undue burden. Decision at 10-11. That conclusion is clearly supported by the cases the Court cited.

Courts have denied leave to amend in cases challenging vaccine mandates where there is "no indication as to how Plaintiff might cure the pleading deficiencies given the lack of facts, and legal support to maintain the claims." Algarin v. NYC Health + Hosps. Corp., 678 F. Supp. 3d 497, 518 (S.D.N.Y. 2023). Plaintiff's arguments in opposition to Defendants' Motion to Dismiss were duly considered and wholly rejected by the Court. As such, leave to amend the Complaint would be futile and further waste judicial resources. See Flowers v. Conn. Light & Power Co., 2021 U.S. App. LEXIS 35105, at *5 (2d Cir. 2021) ("Leave to amend may be deemed futile where the proposed amendments would fail to cure prior deficiencies or to state a claim") (internal quotations omitted); see also Bronson v. New York, 2010 U.S. Dist. LEXIS 36147, at *6 (E.D.N.Y. 2010) (denying leave to amend where the complaint is so "fatally deficient" that allowing Plaintiff to amend would result in a waste of judicial resources).

---

[6] The lengthy portion of the Coombs-Moreno decision quoted in Plaintiff's Motion for Reconsideration applies to SHRL and CHRL claims, the analysis of which is irrelevant here because the Court declined to exercise supplemental jurisdiction and are time-barred pursuant to New York Education Law § 3813 as set forth in Defendants' motion to dismiss. See Pl.'s Mot. at 10-11; see also Decision at 18; Motion to Dismiss at 9-10.

11

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration and request for leave to amend her Complaint in its entirety and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            April 3, 2026

**STEVE BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 2-197
New York, New York 10007
(212) 356-2444
sdamera@law.nyc.gov

By:      ___/s/ Shivani Damera___
            Shivani R. Damera
            Assistant Corporation Counsel

12