**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____X

**ELIZABETH PARRINO,**

                              Plaintiff      **DOCKET NO. 24-cv-8892(AMD)(JRC)**

        -against-                            **REPLY TO DEFENDANTS' OPPOSITION TO**
                                             **PLAINTIFF'S F.R.C.P. RULE 60(b)(1)(2)(3) MOTION TO**
                                             **ALTER THE FEBRUARY 13, 2026 JUDGMENT**
                                             **AND OBTAIN TIME TO SUBMIT**
                                             **AN AMENDED COMPLAINT**

**THE DEPARTMENT OF EDUCATION OF**
**THE CITY OF NEW YORK,**

                              **Defendants**
_____X

Elizabeth Parrino,"Plaintiff" submits herein her Reply to Defendants' Memorandum of Law in

Opposition to Plaintiff's F.R.C.P. RULE 60(b)(1)(2)(3) Motion to Alter the February 13, 2026

Judgment and Obtain Time To Submit An Amended Complaint ("Opposition"). Plaintiff asks this

Court deny the Opposition in its' entirety and grant her request to proceed with an Amended

Complaint, and argues for this below.

Plaintiff's Reply focuses on the fact that the Defendants do not want this case to go forward

because they have no justification or proof of any of their specious claims. Defendants proudly

toot their own horn as they revel in the procedural imbalance caused by the Court stopping

litigation without resolving the case on the merits, thereby burdening Plaintiff, a pro se litigant.

In the many cases with the same claims where the Federal Courts have allowed the case to go to

discovery, Defendants have fought for a stay or have agreed to discuss settlement. For instance,

on p. 11 of the Opposition, Defendant wrote:

1

"Plaintiff also seeks to amend her Complaint with respect to her failure to accommodate claim because "she has the same facts and evidence" as one of the plaintiffs in Coombs-Moreno et al. v. City of N.Y., whose claims survived a motion to dismiss. See Pl.'s Mot. at 11; see also Coombs-Moreno, 2024 U.S. Dist. LEXIS 173750, at *19 (E.D.N.Y. 2024).[6]

Coombs-Moreno is neither controlling nor instructive because the court stated it could not determine the issue of undue hardship "from within the four corners of the complaint." 2024 U.S. Dist. LEXIS 173750, at *19. *This* Court, in evaluating *this* Complaint, concluded that granting Plaintiff an exemption to the Vaccine Mandate would have been an undue burden."

In this case, Defendants are thrilled that this Court found proof of an undue burden where was none given or explained. The Order is clearly suspect on this point, was arbitrary, and a mistake. Plaintiff has successfully pled a failure to accommodate, and her pleading should not have been dismissed out of hand.

Defendants have not made a strong showing on the merits of this case. Dismissal at the pleading stage is appropriate only if the motion to dismiss is based upon applicable law. Here, it is not. Defendants in this case have no law in their favor that could give impetus to a dismissal at the pleading stage. Their Opposition never even mentions the Problem Code, and as stated above, their "undue burden" is unexplained and without basis in fact. Plaintiff's complaint and opposition set forth substantial factual and legal bases—including evidence from deposition transcripts (e.g., Rodi 2015, Rodi 2025, Masciarelli), constitutional violations, and improper denial of religious accommodations.

Indeed, Defendants tried to rearrange the chairs on the Titanic when picking relevant parts of the Rodi Transcript (Docket #76-1, filed 5/14/2025) to undermine Plaintiff's claims. For example, Defendants cite 31:23-32:4 as proof of religious exemptions/accommodations being reviewed by Rodi's General Committee. In the transcript, reading a little bit further than 32:3-4, we read

2

"…we reviewed to make sure they had submitted something to support, you know, that it was religious in nature. We didn't judge what it was. And even if it was just a piece of paper that they wrote out. And then we denied their request." (32:3-9). Plaintiff was correct when she argued that Rodi dismissed all submissions without review. Plaintiff meant a "meaningful" review, something that could align with criteria under Title VII, First Amendment, or Human Rights Law. Rodi did not consider these relevant laws, but simply denied everyone who requested an accommodation/exemption after making sure she was not denying a blank piece of paper.

Please take note of the fact that Arbitrator Scheinman 's Award gave all people who wanted to remain unvaccinated while working, even remotely, only one option: request a religious exemption or a medical accommodation. (EXHIBIT D, Complaint). He deliberately altered the process used by the EEOC and detailed in Human Rights Laws from "medical exemption or religious accommodation" so that he could remove as many UFT and CSA members from their jobs and the Defendants' budget as possible. Defendants succeeded in getting everyone who applied to the Defendants through "SOLAS" in the first round for a religious exemption and accommodation, denied. See **EXHIBIT 1** attached, where *SOLAS defined the religious exemption appeal as a "religious based accommodation" in September 2021.*

Indeed, Scheinman's Award followed with the same 100% denials but was also thrown out as "Constitutionally suspect" by this Court in November 2021. (Complaint, EXHIBIT G).

The Citywide Panel did not give any Appeal a meaningful review, either, as shown in Plaintiff's Complaint.(¶23, p. 8). It is common knowledge that not a single person appealing their denial of a religious accommodation appeared in person before anyone on the Citywide panel. If the panelists did review the thousands of appeals, a dubious thought, they are hiding who was granted and who was not. But they still have come up with between 160-400 people who seem to

have met some secret criteria that was not an undue burden. Plaintiff was not in this group. No reason given, except her request was an undue burden and all those other public employees' religious exemption/accommodation requests were not.

In the proposed Amended Complaint Plaintiff would focus on the Defendants' failure to accommodate her religious beliefs and their baseless denial of a pre-termination hearing/discovery that would flush out exactly what accommodation would be available. Defendants' excuse for denying Plaintiff her continued employment was to use "undue burden" with no explanation of what that meant. This meaningless term has been thrown out by many Judges in this Court. Defendants were wrongly given justification for their wholly vague and meaningless argument when the Order deliberately and mistakenly refused to go along with Plaintiff requesting an accommodation at *any time*. The Judge concluded without reason or fact that an *exemption* was the only relief Plaintiff requested, overlooking completely the decision submitted in the Complaint, EXHIBIT F(4), in which the Citywide //Panel denied Plaintiff's "reasonable accommodation request" on 2/15/22. The Citywide Panel saw Plaintiff's request for relief as an accommodation request, not an exemption request. Judge Donnelly should as well.

 This was, of course, a huge reward to the Defendants, who never gave any details of this vague and vacuous "undue burden" and, Plaintiff argues, had nothing to offer that could support their argument. Defendants' Opposition papers did not move that needle toward any understanding of the criteria the Defendants used to deny Plaintiff's RA (EXHIBIT F(1)). No arbitrator [*or Judge*] can issue an award where the "award itself violates a well-defined constitutional, statutory or common law of this State" (Matter of New York City Tr. Auth. v. Transport Workers Union of Am. Local 100, AFL-CIO, 99 N.Y.2d 1). Motion, p. 8. (*Emphasis added*)

4

The Judge's Memorandum and Order ("Order") clearly made a mistake in denying that Plaintiff requested an accommodation and then further denied Plaintiff the right to claim a failure to accommodate her religious beliefs which were in conflict with the applied process used by Defendants under the COVID Vaccine Mandate "CVM". See *Emmel v. Coca-Cola Bottling Co. of Chicago, 95 F.3d 627, 634-35 (7th Cir. 1996)*: "The jury apparently concluded from the total absence earlier of the justification Coca-Cola would later offer at trial that the justification had been concocted in preparation for trial to fit the available facts.  In other words that it was pretextual."

Defendants are also way off base on their support for this Court's second arbitrary mistake, the dismissal of Plaintiff's argument that she was subjected to disparate treatment and retaliatory discrimination. See *Burlington Northern and Santa Fe Railway Company v Sheila White, U.S. Supreme Court 548 US 53 (2006):* ("The Supreme Court unanimously agreed that White suffered retaliatory discrimination when she was reassigned to less desirable duties and suspended without pay….. When an employee is put into a suspension without pay, this is a disciplinary action.").

Defendants' position mirrors the Court's error dismissing Plaintiff's causes of action wherein she was placed in the Problem Code database on or about October 4, 2021, without her knowledge or consent. This PR Code blocks Plaintiff from public employment in any role, for Defendants or vendors working with the Department. Plaintiff and all others similarly charged with misconduct for not getting vaccinated were never told about the Problem Code. There is new new (as opposed to new old information, the Rodi transcript – according to the Defendants, p.7) information to add to this mix. Last week Plaintiff obtained the unredacted emails sent to/from DOH Dave Chokshi and Nellie Afshar to Jackie Bray, Deputy Executive Director of the NYC

5

COVID-19 Test & Trace Corps, Steve Banks at OLR, and others, as they all participated in

creating an effective denial for religious exemptions appearing before Martin Scheinman's

arbitrators in September-October 2021. The focus of this group was to help arbitrators deny the

religious exemption appeal of a catholic person who refused the COVID vaccine due to their

beliefs against the use of fetal cells. Here is a quote from Steve Banks:

"Now that the UFT exemption requests have been coming in for several days and the cases have been reviewed at the DOE, it turns out that upwards of 2/3 of the exemption requests are religious not medical. But there is a medical aspect to the religious requests that I could use some help on. Many of the religious claims cite that fetal tissue and/or certain animal products were used in the research, development, and/or actual formula for the COVID vaccines. Since many of these cases are going to labor arbitrators, there is a need for factual information for the arbitrators to reference. It would be very very helpful if we could get a document signed off on by a City Doctor that essentially makes the argument as to why this is BS. The purpose of the document would be for the arbitrators to reference, and I would vet it with the UFT first. So I'm looking for basically a point by point analysis of why the potential claims that taking this would violate the rights of someone who religiously opposes abortion and/or consumption of certain animals is not consistent with the science of the virus. In some areas, there may be a distinction between the 3 brands of vaccine and I think as long as one is available the claim should also be denied.
Is this something you guys could pull together by late morning tomorrow?
Thanks,

Steven Banks
First Deputy Commissioner & General Counsel
NYC Office of Labor Relations
22 Cortlandt Street, 14th Floor

New York, NY 10007
(212) 306-7238"

The entire 8-pages of this stunning set of emails can be seen in EXHIBIT AA. Please note that the email uses the term "exemption", and the purpose is to create a foolproof way to deny religious exemptions brought before the labor arbitrators who worked for Martin Scheinman and his Company, the Scheinman Arbitration and Mediation Services, especially when submitted by a person of the Catholic faith. Plaintiff Parrino is Catholic. The memo created by the people in these emails in **EXHIBIT  2** are directly attacking her religious beliefs. This is her undue burden: being Christian and against abortion. What is most shocking is the collaboration of DOH Commissioner David Chokshi, City government and Steve Banks in the creation of a "UFT Accommodation Process designed to deliberately deny all appeals submitted to them.

 "When there is no plausible explanation for religious discrimination other than animus, it is subject to strict scrutiny, regardless of whether the government employer admits that its actions were motivated by hostility to certain religions." (JANE DOES et al., v BOARD OF REGENTS OF THE UNIVERSITY OF COLORADO et al., No. 22-1027, U.S. Court of Appeals D.C. No. 1:21-CV-02637-RM-KMT., May 7, 2024). See Complaint, ¶36, p. 12. The fact that there are no actions of the Citywide Panel that could be aligned with Title VII , Human Rights Law, and *Groff v Dejoy*, is troublesome, but not enough for either Defendants or this Court to worry about or even pay attention to.

Also, a decision made by New York Judge Alice Schlesinger in 2007 in the case of Theodore Smith v NYC Department of Education, Index No.117051/07 is relevant in this argument against Defendants' Citywide Panel's alleged "due process":

"the Education Law mandates arbitration of disciplinary matters such as this. Therefore, the court's role is broadened considerably to include the factors of substantive and procedural due process……Therefore, the question presented is whether the decision here based on an

7

arbitrator's exclusive reading of the record, without seeing or hearing any witness and thereby evaluating their credibility in such a limited fashion, comports with the dictates of due process. I find that it does not. "

Moreover, new precedent in *Health Freedom Def. Fund, Inc. v. Carvalho*, 2024 WL 2873372 (9th Cir. 2024) significantly undercuts the legal foundation of Defendants' justification for the COVID-19 mandate as a lawful employment condition. Additionally, none of the cases cited by Defendants in their Opposition mentioned the Problem Code, a misconduct charge put on the fingerprints of Plaintiff and any other unvaccinated UFT/CSA member who applied for a religious or medical accommodation/exemption in 2021-2022. None of the six cases dismissed along with Matter of O'Reilly, 42 N.Y.3d at 991 (p. 10, Opposition) mentioned the Problem Code or that any Plaintiffs were charged with misconduct for applying for an accommodation. Therefore none of these cases had any disciplinary charge as a cause of action. But Plaintiff does, and thus this Court and Defendants are wrong in denying Plaintiff her right to a pre-termination 3020-a. See Complaint, EXHIBIT A, D, F(4), G, I, J, K, L, M; and  *Kilduff v. Rochester City School District*, 107 A.D.3d 1536, 966 N.Y.S.2d 708 (N.Y. Ct. App. 2013):

We agree with petitioner that respondents failed to comply with the requirements of Education Law § 3020 (1) when they disciplined petitioner without affording her a hearing pursuant to Education Law § 3020-a. When presented with a question of statutory interpretation, "courts should construe unambiguous language [in a statute] to give effect to its plain meaning" *(Matter of DaimlerChrysler Corp. v Spitzer,* 7 NY3d 653, 660 [2006]). We agree with petitioner that the plain language of Education Law § 3020 (1) provides that a tenured teacher facing discipline, and whose terms and conditions of employment are covered by a collective bargaining agreement (CBA) that became effective on or after September 1, 1994, is entitled to elect either the disciplinary procedures specified in Education Law § 3020-a or the alternative procedures contained in the CBA. Here, the CBA at issue went into effect on July 1, 2006. Thus, petitioner was entitled to choose whether to be disciplined under the procedures set forth in the CBA or those set forth in section 3020-a, which allowed petitioner to elect a hearing *(see § 3020-a [c])*. Respondents, however, incorrectly denied petitioner's written request for a section 3020-a hearing. We therefore reverse the judgment, grant the petition, annul the determination, and we direct respondents to reinstate petitioner with back pay and benefits retroactive to the date of her suspension, and to remove all references to the discipline imposed from petitioner's personnel file *(see generally Matter of Winter v Board of Educ. for Rhinebeck Cent. School Dist.,* 79 NY2d 1, 9 [1992], *rearg denied* 79 NY2d 978 [1992]; *Matter of Diggins v Honeoye Falls-Lima Cent.*

8

*School Dist.,* 50 AD3d 1473, 1474 [2008]). Present — Smith, J.P., Fahey, Carni, Sconiers and Whalen, JJ.

This decision was affirmed by the Court of Appeals in Matter of Kilduff v Rochester City Sch. Dist., 2014 NY Slip Op 08056 [24 NY3d 505], November 20, 2014.

Plaintiff was never given any due process. She was removed from her salary and charged by the Problem Code (See Betsy Combier's Declaration and Eric Amato's email, Complaint EXHIBIT L). before she was allowed to submit to Scheinman, and *after* she was removed from salary.

Plaintiff's argument that the terms and conditions  of her employment were never changed and that she was retaliated against (see ¶7, Complaint p. 3), hit upon deaf ears both at this Court and in Defendants' papers, because ignoring her causes of action and/or undermining her arguments assists them in dismissing Plaintiff's case. However, Plaintiff is correct that there is no evidence or facts her employment Contract, the Collective Bargaining Agreement between the UFT-DOE (CBA), ever included any mandate to get vaccinated. If  the City had tried to change the CBA legitimately, they needed to get a change of terms and conditions for UFT members ratified by the UFT membership. None of this occurred.

Additionally, the Federal Court frowns on dismissal of a cause of action that is successfully pled at the pleading stage, and this Court should recognize Rule 15 in this matter. Rule 15(B)(2) says: "The court should freely give leave when justice so requires."

Plaintiff requests that this Court deny Defendant's Opposition and allow her to amend her Complaint. She also requests that this Court deny Defendant's Opposition in full, and that her Complaint, Opposition to the Motion To Dismiss, and all Exhibits, be incorporated here by reference.

Dated: April 8, 2026

/s/Elizabeth Parrino

9

# Exhibit 1

**From:** solas_donotreply@schools.nyc.gov <solas_donotreply@schools.nyc.gov>
**Sent:** Wednesday, September 22, 2021 7:43 PM
**To:** Parrino Elizabeth <EParrino@schools.nyc.gov>
**Subject:** Your COVID-19 Vaccine Religious Exemption Application - Determination

09/22/2021

Case#: A75666
File# 877373
EMP ID: 1341179

Dear ELIZABETH PARRINO,

We have reviewed your application and supporting documentation for a religious exemption from the DOE COVID-19 vaccine mandate. Your application has failed to meet the criteria for a religious based accommodation. Per the Order of the Commissioner of Health, unvaccinated employees cannot work in a Department of Education (DOE) building or other site with contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

This application was reviewed in accordance with applicable law as well as the Arbitration Award in the matter of your union and the Board of Education regarding the vaccine mandate.

Under the terms of the Arbitration Award, you may appeal this denial to an independent arbitrator. If you wish to appeal, you must do so within one school day of this notice by logging into SOLAS https://dhrnycaps.nycenet.edu/SOLAS and using the option "I would like to APPEAL". As part of the appeal, you may submit additional documentation and also provide a reason for the appeal.

Sincerely,


*HR Connect*
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.


**Ref Number : GX5918616 N3418 COVID-19_VAX_ReligiousExempt_GenDenial**

Welcome to the DOE Self-Service Online Leave Application System (SOLAS).

# You may use this system to:

- **Apply for Reasonable Accommodation.**
- **Submit a new leave application.**
- **Extend your leave of absence.**
- **Upload supporting documentation (including scanned documents) to your existing leave application.**
- **Use the Reasonable Accommodation application to apply for a COVID-19 vaccine exemption.**

Visit the SOLAS Frequently Asked Questions page for more information.

**If you are logging into the SOLAS system to apply for a MEDICAL or MATERNITY leave, please consult with your payroll secretary or timekeeper before submitting your application in order to understand your paid entitlements.**

# Exhibit 2

| | |
|---|---|
| **From:** | Nellie Afshar |
| **To:** | Dave Chokshi |
| **Subject:** | RE: Urgent Need for Help--UFT Accommodation Process |
| **Date:** | Wednesday, September 22, 2021 10:25:11 AM |
| **Attachments:** | Memo_09 21 21 Final.pdf |

Final version for your awareness. No changes from what you saw last.

**From:** Dave Chokshi <dchokshi@health.nyc.gov>
**Sent:** Wednesday, September 22, 2021 8:13 AM
**To:** Nellie Afshar <nafshar@health.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

Thanks—looks good


On Sep 21, 2021, at 10:19 PM, Nellie Afshar <nafshar@health.nyc.gov> wrote:


Here is latest version of the memo – includes addition of the list of meds and animal products.

For awareness, we have not been able to verify the list of meds, I asked Jackie if she can track it down w Jay.

**From:** Dave Chokshi <dchokshi@health.nyc.gov>
**Sent:** Tuesday, September 21, 2021 8:04 PM
**To:** Nellie Afshar <nafshar@health.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

Thank you!!


Dave A. Chokshi, MD MSc

Commissioner

NYC Department of Health and Mental Hygiene

347-396-4133

**From:** Nellie Afshar <nafshar@health.nyc.gov>
**Sent:** Tuesday, September 21, 2021 8:03 PM
**To:** Dave Chokshi <dchokshi@health.nyc.gov>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

Yes I'm making those revisions now, and also adding line about Tylenol, advil, etc

Thank you!

---

**From:** Dave Chokshi <dchokshi@health.nyc.gov>
**Sent:** Tuesday, September 21, 2021 8:02 PM
**To:** Nellie Afshar <nafshar@health.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

Nellie, this looks fine to me and no issues with it coming from me. We had to remove the section about pork and animal products? Seemed they wanted it specifically.

Also happened to notice that 'fetal' is misspelled as 'feral' in one place.


Dave A. Chokshi, MD MSc

Commissioner

NYC Department of Health and Mental Hygiene

347-396-4133

---

**From:** Nellie Afshar <nafshar@health.nyc.gov>
**Sent:** Tuesday, September 21, 2021 7:18 PM
**To:** Dave Chokshi <dchokshi@health.nyc.gov>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

Commissioner – we're still refining this but here is the current version in case you can review in parallel. On our side – Jane, Celia, Jen Rosen, and PIO reviewed.  Let me know if any issues w this coming from you.

---

**From:** Bray, Jackie <JBray@cityhall.nyc.gov>
**Sent:** Tuesday, September 21, 2021 5:15 PM
**To:** Nellie Afshar <nafshar@health.nyc.gov>; Dave Chokshi <dchokshi@health.nyc.gov>; Celia Quinn Md <cquinnmd@health.nyc.gov>; Jane Zucker <jzucker@health.nyc.gov>; Rebecca Giglio <rgiglio@health.nyc.gov>
**Cc:** 'Anne Mabus' <mabusa@nychhc.org>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

Here is the latest draft from OLR who reformatted some.

Happy to merge the edits if useful once I have yours.

*Jackie Bray*
*Pronouns: she/her/hers*

*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

---

**From:** Nellie Afshar <nafshar@health.nyc.gov>
**Sent:** Tuesday, September 21, 2021 4:49 PM
**To:** Bray, Jackie <JBray@cityhall.nyc.gov>; Chokshi, Dave (DOHMH) <dchokshi@health.nyc.gov>; Celia Quinn Md <cquinnmd@health.nyc.gov>; Jane Zucker <jzucker@health.nyc.gov>; Rebecca Giglio <rgiglio@health.nyc.gov>
**Cc:** 'Anne Mabus' <mabusa@nychhc.org>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

We have edits and I will send your way Jackie

---

**From:** Bray, Jackie <JBray@cityhall.nyc.gov>
**Sent:** Tuesday, September 21, 2021 4:46 PM
**To:** Dave Chokshi <dchokshi@health.nyc.gov>; Celia Quinn Md <cquinnmd@health.nyc.gov>; Jane Zucker <jzucker@health.nyc.gov>; Nellie Afshar <nafshar@health.nyc.gov>; Rebecca Giglio <rgiglio@health.nyc.gov>
**Cc:** 'Anne Mabus' <mabusa@nychhc.org>
**Subject:** FW: Urgent Need for Help--UFT Accommodation Process

Thoughts? Can we close this out?

*Jackie Bray*
*Pronouns: she/her/hers*
*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

---

**From:** Bray, Jackie
**Sent:** Tuesday, September 21, 2021 4:46 PM
**To:** Varma, Jay <JVarma@cityhall.nyc.gov>; Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>; Siciliano Lauren <LSiciliano2@schools.nyc.gov>; 'Anne Mabus' <mabusa@nychhc.org>; Chokshi, Dave (DOHMH) <dchokshi@health.nyc.gov>; Afshar, Nellie (Health) <nafshar@health.nyc.gov>; 'Jane Zucker' <jzucker@health.nyc.gov>; 'Celia Quinn Md' <cquinnmd@health.nyc.gov>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

OK I've added a line about pork, beef, and animal products. DOHMH needs to confirm if the line is accurate.

COH and team – we need your approval on this memo and then we need guidance from you on who at the DOHMH would sign it. I think it should go from dOHMH to OLR officiallu once you are comfortable with it. We are moving fast here on negotiations and hearings on exemptions so wanting to wrap this up today.

Thank you!

*Jackie Bray*
*Pronouns: she/her/hers*
*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

---

**From:** Bray, Jackie
**Sent:** Tuesday, September 21, 2021 2:00 PM
**To:** Varma, Jay <JVarma@cityhall.nyc.gov>; Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>; Siciliano Lauren <LSiciliano2@schools.nyc.gov>; Anne Mabus <mabusa@nychhc.org>; Chokshi, Dave (DOHMH) <dchokshi@health.nyc.gov>; Afshar, Nellie (Health) <nafshar@health.nyc.gov>; Jane Zucker <jzucker@health.nyc.gov>; 'Celia Quinn Md' <cquinnmd@health.nyc.gov>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

+Celia too.

*Jackie Bray*
*Pronouns: she/her/hers*
*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

---

**From:** Varma, Jay <JVarma@cityhall.nyc.gov>
**Sent:** Tuesday, September 21, 2021 1:58 PM
**To:** Bray, Jackie <JBray@cityhall.nyc.gov>; Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>; Siciliano Lauren <LSiciliano2@schools.nyc.gov>; Anne Mabus <mabusa@nychhc.org>; Chokshi, Dave (DOHMH) <dchokshi@health.nyc.gov>; Afshar, Nellie (Health) <nafshar@health.nyc.gov>; Jane Zucker <jzucker@health.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

Memo ok with me.

Get Outlook for iOS

**From:** Bray, Jackie <JBray@cityhall.nyc.gov>
**Sent:** Tuesday, September 21, 2021 1:56:53 PM
**To:** Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>; Siciliano Lauren <LSiciliano2@schools.nyc.gov>; Anne Mabus <mabusa@nychhc.org>; Chokshi, Dave (DOHMH) <dchokshi@health.nyc.gov>; Varma, Jay <JVarma@cityhall.nyc.gov>; Afshar, Nellie (Health) <nafshar@health.nyc.gov>; Jane Zucker <jzucker@health.nyc.gov>
**Subject:** RE: Urgent Need for Help--UFT Accommodation Process

++adding MDs.

Attached is a memo Annie drafted. Obviously need Dave, Jane, and Jay to review and then need to know from OLR whether this works.

*Jackie Bray*
*Pronouns: she/her/hers*
*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

**From:** Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Sent:** Monday, September 20, 2021 10:08 PM
**To:** Bray, Jackie <JBray@cityhall.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>; Siciliano Lauren <LSiciliano2@schools.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

+Lauren for awareness and to see if an example or 2 can be provided by the DOE

The first page of the North Dakota document is a little bit more neutral than I was thinking. But the second and third page get to the point. We can go further and make an argument about how even if someone is concerned about fetal cells it should not prevent them from being vaccinated.

Yes the list is good. Because to the extent there are hearings in these cases, the employees can be asked about whether they use or have used those medications.

And yes to a little more time, there is no definitive time limit but I said I'd get the UFT something tomorrow and the idea is that hearings are going to start on Wednesday. If it's later in the afternoon I'm sure that's ok.

On Sep 20, 2021, at 9:56 PM, Bray, Jackie <JBray@cityhall.nyc.gov> wrote:

OK. Need you to weigh in on three things:

1. Here's a memo from the North Dakota Department of Health. If we created something similar is that what you need? COVID-19_Vaccine_Fetal_Cell_Handout.pdf

2. The MDs were also batting around the idea of making someone attest to rejecting all the medications on this list and look for proof that they have rejected all of these "sincerely" for some time: https://www.patheos.com/blogs/throughcatholiclen-tested-on-hek-293-is-immoral-goodbye-modern-medicine/

3. Can you send me some of the letters? Are there phrases that appear in many of them?

And finally, we clearly have very good material here and we also want to give you the best product we can because this will absolutely be subject to litigation and will go far. Is there a way to buy us more than 12 hours overnight?

Thanks,
Jackie

*Jackie Bray*
*Pronouns: she/her/hers*
*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

---

**From:** Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Sent:** Monday, September 20, 2021 9:50 PM
**To:** Bray, Jackie <JBray@cityhall.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

Yep. Thanks much

> On Sep 20, 2021, at 9:07 PM, Bray, Jackie <JBray@cityhall.nyc.gov> wrote:

OK. Yes. We can get you something and have a shell of something to use from LA County.

Might take till noon or 1pm. that OK?

*Jackie Bray*
*Pronouns: she/her/hers*
*Deputy Executive Director*
*NYC COVID-19 Test & Trace Corps*
*jbray@cityhall.nyc.gov*
*Cell: 347-453-3697*

---

**From:** Bray, Jackie
**Sent:** Monday, September 20, 2021 8:27 PM
**To:** Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Cc:** Thamkittikasem, Jeff <JThamkittikasem@cityhall.nyc.gov>; Campion, Renee (OLR) <rcampion@olr.nyc.gov>
**Subject:** Re: Urgent Need for Help--UFT Accommodation Process

I have no clue if we can pull this together because this is a "new one" but I will absolutely try. Will circle back later tonight with an update.

Sent from my iPhone

> On Sep 20, 2021, at 8:22 PM, Steve Banks (OLR) <sbanks@olr.nyc.gov> wrote:
>
> Now that the UFT exemption requests have been coming in for several days and the cases have been reviewed at the DOE, it turns out that upwards of 2/3 of the exemption requests are religious not medical. But there is a medical aspect to the religious requests that I could use some help on. Many of the religious claims cite that fetal tissue and/or certain animal products were used in the research, development, and/or actual formula for the COVID vaccines.
>
> Since many of these cases are going to labor arbitrators, there is a need for factual

information for the arbitrators to reference. It would be very very helpful if we could get a document signed off on by a City Doctor that essentially makes the argument as to why this is BS. The purpose of the document would be for the arbitrators to reference, and I would vet it with the UFT first. So I'm looking for basically a point by point analysis of why the potential claims that taking this would violate the rights of someone who religiously opposes abortion and/or consumption of certain animals is not consistent with the science of the virus. In some areas, there may be a distinction between the 3 brands of vaccine and I think as long as one is available the claim should also be denied.

Is this something you guys could pull together by late morning tomorrow?

Thanks,

Steven Banks
First Deputy Commissioner & General Counsel
NYC Office of Labor Relations

22 Cortlandt Street, 14th Floor
New York, NY 10007
(212) 306-7238

Sent from the New York City Department of Health & Mental Hygiene. This email and any files transmitted with it may contain confidential information and are intended solely for the use of the individual or entity to whom they are addressed. This footnote also confirms that this email message has been swept for the presence of computer viruses.
<Draft Memo - Religious Exemption DOE_DOHMH v2_JZ v3.docx>