No. 24-cv-08892 (AMD) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH PARRINO,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES- RAMOS, Chancellor and KATHERINE RODI, Director of Employee Relations,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 2-193*
*New York, N.Y. 10007*

*Of Counsel: Shivani Damera*
*Tel: (212) 356-2444*
*Matter No.: 2025-015580*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ii

ARGUMENT 1

POINT I 1

PLAINTIFF HAS ABANDONED SEVERAL CLAIMS 1

POINT II 1

PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS 1

POINT III 2

PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED 2

POINT IV 3

PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION 3

POINT V 4

PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER § 1983 4

POINT VI 7

PLAINTIFF'S FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF LAW 7

POINT VII 9

PLAINTIFF FAILS TO STATE A RETALIATION CLAIM 9

POINT VIII 10

PLAINTIFF'S DUE PROCESS CLAIM FAILS AS A MATTER OF LAW 10

**Page**

POINT IX 11

PLAINTIFF'S MONELL CLAIM FAILS AS A MATTER OF LAW ........ 11

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Cases** **Pages**

Avillan v. Donahoe,
483 F. App'x 637 (2d Cir. 2012) .......... 9

Beckles v. NY City Dept. of Educ.,
2025 U.S. Dist. LEXIS 149503 (E.D.N.Y. Aug. 4, 2025) .......... 6, 7

Bergin v. NY State Unified Ct. Sys.,
182 F.4th 203 (2d Cir. 2026) .......... 4

Brodt v. City of NY,
4 F. Supp. 3d 562 (S.D.N.Y. 2014) .......... 4

Broecker v. NY City Dept. of Educ.,
2023 U.S. App. LEXIS 30076 (2d Cir. Nov. 13, 2023) .......... 10

Broecker v. NY City Dept. of Educ.,
585 F. Supp .3d 299, 317 (E.D.N.Y. 2022) .......... 10

Dortch v. NY City Dept. of Educ.,
2016 U.S. Dist. LEXIS 39646
(E.D.N.Y. Mar. 23, 2016) .......... 2

EEOC v. Abercrombie & Fitch Stores, Inc.,
575 U.S. 768 (2015) .......... 4

Helwing v. City of NY,
2021 U.S. DIST. LEXIS 38243 (E.D.N.Y. MAR. 1, 2021) .......... 1, 8

Hurley v. Dept. of Educ. of the City of NY,
2025 U.S. DIST. LEXIS 188282 (E.D.N.Y . SEP. 23, 2025) .......... 8, 9

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021) .......... 7

Lall v. City of NY,
2021 U.S. Dist. LEXIS 42357 (E.D.N.Y. Mar. 5, 2021) .......... 2

Locurto v. Safir,
264 F.3d 154 (2d Cir.2001) .......... 10

Masciarelli v. New York City Department of Education,
22-cv-07553 .......... 5

New Yorkers for Religious Liberty Inc. v. City of New York,
121 F.4th 448 (2d Cir. 2024) .......... 3

**Cases** **Pages**

New Yorkers for Religious Liberty, Inc. v. City of NY,
125 F.4th 319 (2d Cir. 2024) ....................7, 8

Matter of NY State Unified Ct. Sys. V. NY State Pub. Empl. Relations Bd.,
246 AD3d 471 (1st Dep't 2026) ....................9

Trabacchi v. Dep't of Educ.,
2026 U.S. Dist. LEXIS 93563 (E.D.N.Y. Apr. 28, 2026) ....................3, 11

Vesterman v. NY City Dept. of Educ.,
2026 U.S. App. LEXIS 15985 (2d Cir. June 3, 2026) ....................3

We the Patriots USA, Inc. v. Hochul,
17 F.4th 266 (2d Cir. 2021) ....................6, 7

Wilkov v. Ameriprise Fin. Servs., Inc.,
753 F. App'x 44 (2d Cir. 2018)....................3, 7

Zapantis-Dalamakis v. City of NY,
2026 U.S. Dist. LEXIS 171126 (E.D.N.Y. July 31, 2026)....................8

**Statutes**

42 U.S.C. § 1983....................1, 4

42 U.S.C. § 2000e, *et seq*.....................4

N.Y. Educ. Law § 3020-a ....................9, 10

N.Y. Educ. Law § 3813 ....................1

N.Y. Educ. Law § 3813(1)....................2

N.Y. Educ. Law § 3813(2-b) ....................2

## ARGUMENT

### POINT I

### PLAINTIFF HAS ABANDONED SEVERAL CLAIMS

When a plaintiff fails to address a defendant's arguments for dismissal, the plaintiff abandons those claims. See Helwing v. City of NY, 2021 U.S. Dist. LEXIS 38243, at *8 (E.D.N.Y. Mar. 1, 2021). Plaintiff did not rebut Defendants' argument that the Vaccine Mandate was not selectively enforced and, therefore, abandoned her equal protection claim. See Defs' Mem. at 20-22. Similarly, Plaintiff did not rebut Defendants' argument that her stigma plus claim fails because (1) she could have challenged the issue of her purported problem code via an Article 78 proceeding and (2) she failed to plausibly allege that the problem code was anything other than an accurate reflection of her noncompliance with the Vaccine Mandate or that it prevented her from continuing to work in education outside the DOE. Id. at 26. As such, Plaintiff abandoned her stigma plus claim. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8.

### POINT II

### PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS

Plaintiff argues that a "[n]otice of [c]laim has *nothing* to do with § 1983 or monell claims" and that it "applies only to state-law torts." See Pl.'s Opp., at 4. Defendants, however, have never argued that the applicable notice of claim requirements apply to Plaintiff's § 1983 or Monell claims. Rather, Defendants argued that Plaintiff failed to timely comply with the applicable notice of claim requirements in Education Law § 3813 with respect to her SHRL and CHRL claims. See Defs' Mem., at 8-9. Indeed, this court has held that "[f]ailure to satisfy [§ 3813's] requirements is 'fatal' to a claim filed against a school board under state or city law regardless of

whether the claim is brought in state or federal court." See Lall v. City of NY, 2021 U.S. Dist. LEXIS 42357, at *15 (E.D.N.Y. Mar. 5, 2021). As explained in Defendants' motion to dismiss, Plaintiff did not file a notice of claim until March 27, 2023, more than eleven months after allegedly learning about her "fingerprints being placed" in a "Problem Code" on April 28, 2022. See Def. Mem., at 8-9. Plaintiff's failure to file a timely notice of claim within ninety days of the date on which her purported claim arose, requires her SHRL and CHRL claims be dismissed.

## POINT III

## PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME-BARRED

Plaintiff argues that her SHRL and CHRL claims are not time-barred because the "Human Rights Laws in New York now have a 3-year statute of [l]imitations." See Pl.'s Opp. at 3. New York Education Law §§ 3813(1) and 3813(2-b), however, provides that claims against DOE for violation of the SHRL and CHRL are subject to a one-year statute of limitations. See Dortch v. NY City Dept. of Educ., 2016 U.S. Dist. LEXIS 39646, at *28 (E.D.N.Y. Mar. 23, 2016). Plaintiff's SHRL and CHRL claims are time-barred because the last alleged act underlying these claims was DOE not responding to an alleged February 13, 2023, email. See Am. Compl. at ¶ 42. Plaintiff, however, commenced this action more than one year and ten months later on December 30, 2024. See ECF Doc. No. 1.

## POINT IV

## PLAINTIFF FAILS TO STATE A CLAIM FOR RELIGIOUS DISCRIMINATION[1]

In their motion to dismiss, Defendants argued that Plaintiff was not qualified for her position because she failed to meet a lawful condition of employment. See Defs' Mem., at 13. Plaintiff does not meaningfully respond to this argument and, therefore, has conceded it. See Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44 (2d Cir. 2018) (failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument). Notwithstanding, Plaintiff's Opposition fails to cure any of the Amended Complaint's deficiencies with respect to identifying a comparator.

Plaintiff does not allege a single fact to plausibly suggest that Assistant Principal RF and the "other teachers . . [who] were granted exemptions/accommodation for their religious beliefs" were, in fact, similarly situated **in all material respects** to Plaintiff. See Am. Compl., at ¶ 45. Instead, Plaintiff argues that she is similarly situated to "employees accused of misconduct just like [her], with a Problem Code now on her file and fingerprints." See Pl.'s Opp., at 23. However, Plaintiff was not accused of misconduct, nor is a problem code necessarily indicative of misconduct. The Second Circuit has unequivocally held that the Vaccine Mandate was a valid, lawful "condition of employment" for DOE employees such as Plaintiff, as well as for employees of City agencies. See New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). As such, dismissal or placement on LWOP for failure to comply with the Vaccine Mandate is not disciplinary but rather a failure to satisfy a "condition of employment."

[1] As noted in Defendants' motion to dismiss (Defs' Mem., at 8-10) and supra Points II and III, any alleged religious discrimination based on Plaintiff's reasonable accommodation request is barred for failure to file a notice of claim and otherwise time-barred under the SHRL and CHRL.

See Trabacchi v. Dep't of Educ., 2026 U.S. Dist. LEXIS 93563, at *21-22 (E.D.N.Y. Apr. 28, 2026). Moreover, a problem code is not "exclusively" used to denote misconduct or incompetence and may also be used for "performance-neutral issues, like an employee's failure to satisfy a qualification of employment related to job performance." See Vesterman v. NY City Dept. of Educ., 2026 U.S. App. LEXIS 15985, at *6-8 (2d Cir. June 3, 2026). Plaintiff does not dispute that she did not receive the COVID-19 vaccine. The placement of the alleged problem code, therefore, accurately and truthfully reflects that Plaintiff did not satisfy a lawful condition of employment. As such, Plaintiff is not similarly situated to employees who were accused of misconduct. Therefore, Plaintiff's religious discrimination claim under § 1983 should be dismissed.

## POINT V

## PLAINTIFF FAILS TO STATE FAILURE TO ACCOMMODATE CLAIMS UNDER § 1983

In a recent decision, the Second Circuit held that the Supreme Court in EEOC v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768 (2015), changed the requirements of a prima facia case of failure to accommodate a religious belief or practice under Title VII.[2] Bergin v. NY State Unified Ct. Sys., 182 F.4th 203 (2d Cir. 2026). Under this new standard, "a plaintiff must demonstrate (1) that [they] actually required an accommodation of [their] religious practice, and (2) that the employer's desire to avoid the actually required prospective accommodation was a motivating factor in (3) an adverse employment decision." Bergin, 182 F.4th at 203 (adopting the test set forth by the U.S. Supreme Court in Abercrombie, 575 U.S. at 773-774).

[2] Discrimination claims under § 1983 are evaluated under the same standards as such claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). See Brodt v. City of NY, 4 F. Supp. 3d 562, 572 (S.D.N.Y. 2014).

In her Opposition, Plaintiff argues that she "was terminated because she requested a religious accommodation." See Pl.'s Opp., at 11. In support, Plaintiff argues that (1) Defendants used their "false claim" that she was deemed to have "voluntarily resigned" "to grab out of thin air the authority to fire [her] for submitting a religious accommodation request" (id. at 11-12); (2) Steven Banks at OLR said that religious accommodation requests were "BS" (id. at 12); (3) Defendants participated in a policy that dictated no religious accommodations were to be considered" (id. at 12); and (4) "Defendants showed their disdain for any employee who was unvaccinated, or Jewish, Catholic, and other disfavored religions" (id. at 12). These arguments are not meritorious.

First, whether Plaintiff was terminated or deemed to have voluntarily resigned is of no moment because both would have resulted from her failure to comply with the Vaccine Mandate, not requesting a religious accommodation. Second, a plain reading of the emails shows that Plaintiff blatantly mischaracterizes Steven Banks' statements. See ECF Doc. No. 24, Pl.'s Exh. F. The email exchange Plaintiff cites to shows that individuals within the Office of Labor Relations sought scientific findings to ensure that accommodations were being granted on accurate bases, not on grounds which they had ample reason to believe were scientifically questionable or false. Their involvement in these discussions do not suggest or implicate, in any way, a concerted effort to terminate Plaintiff for requesting a religious accommodation or that religious accommodations were "BS." Third, Plaintiff does not allege any facts to support her bald allegations that Defendants had a policy that dictated that no religious accommodations were to be considered or that they showed "disdain" for certain religions over others. Indeed, a plain reading of Rodi's testimony in Masciarelli v. New York City Department of Education, 22-cv-07553, indicates that requests for religious exemption were not automatically denied; religion was not a

consideration in denying exemption requests; and that the basis for undue hardship was the risk to the vulnerable and still primarily unvaccinated student population and other employees. See ECF Doc. No. 22(1), at 22:16-24:23; 31:23-32:4. Accordingly, Plaintiff cannot plausibly allege that her purported termination was motivated by an effort to avoid granting her a religious accommodation.

Notwithstanding, as Defendants set forth in their moving papers, it would have been an undue hardship to accommodate Plaintiff by permitting her to work unvaccinated. See id. at 16-17. In her Opposition, Plaintiff argues that Defendants, in denying her request for a religious accommodation, cited "'undue burden' . . . without any further details or reason, and terminated her employment." See Pl.'s Opp., at 23. As an initial matter, Plaintiff's assertion that it cited undue burden "without any further details or reasons" ignores the fact that the Citywide Panel clearly told Plaintiff that the decision to deny her appeal was because "DOE has demonstrated that it would be an undue hardship to grant this accommodation . . .given the need for a safe environment for in-person learning." See ECF Doc. No. 24, Pl.'s Exh. G

Moreover, Plaintiff insists that she was entitled to a reasonable accommodation but that Defendants "never offered any reasonable accommodation to the Plaintiff that would satisfy both the Plaintiff's sincere religious beliefs and the Defendants' concern for 'a safe environment for in-person learning." Pl.'s Opp., at 24. However, in Plaintiff's case, there is simply no question that granting her requested exemption would have imposed an undue hardship *as a matter of law*. See Beckles v. NY City Dept. of Educ., 2025 U.S. Dist. LEXIS 149503, at *5 (E.D.N.Y. Aug. 4, 2025) (The Second Circuit has held that "when an employer 'could not have granted [its employee's] religious-exemption request without violating the [City's vaccine order], exposing itself to potential penalties,' the employer 'suffer[s] an undue hardship'").

Plaintiff's apparent argument that Defendants refused to reassign her to the "rubber room," like the "employees accused of misconduct just like [her]," does not save her claims because Plaintiff is not similarly situated to employees accused of misconduct, as set forth in Point IV supra. See Pl.'s Opp., at 23. see also Am. Compl., at ¶ 66. Further, Plaintiff only requested to be completely exempted from the Vaccine Mandate. See Defs' Exh. B. This precludes her from now claiming she was entitled or should have been offered an alternative accommodation. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 292 (2d Cir. 2021) ("Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated."); see also Beckles, 2025 U.S. Dist. LEXIS 14950 at *6-7.

Accordingly, Plaintiff's failure to accommodate claims should be dismissed.

## POINT VI

## PLAINTIFF'S FIRST AMENDMENT CLAIMS FAIL AS A MATTER OF LAW

Plaintiff fails to meaningfully rebut Defendants' argument that her Free Exercise and Establishment Clause Claims are foreclosed by Second Circuit precedent, which unequivocally hold that the "Vaccine Mandate in all its iterations, was neutral, generally applicable and facially unconstitutional under the Free Exercise Clause" and that the Citywide Panel and the City's processes after Kane do not violate the Establishment Clause. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 290 (2d Cir. 2021); New Yorkers for Religious Liberty, Inc. v. City of NY, 125 F.4th 319, 330-332 (2d Cir. 2024); and Kane v. De Blasio, 19 F.4th 152, 164-167 (2d Cir. 2021); Defs' Mem., at 18-20. As such, Plaintiff has conceded these arguments. See Wilkov, 753 F. App'x 44.

Notwithstanding, Plaintiff's arguments concerning the Arbitration Agreement and the Second Circuit's holding in Kane, should be rejected for two reasons. First, consistent with Kane, Plaintiff was subsequently afforded "fresh consideration" of her religious accommodation request by the Citywide Panel. See Am. Compl. at ¶ 35. Second, Kane did not hold that the Arbitration Agreement in its entirety was unconstitutional. Indeed, the Second Circuit specifically stated that its "determination is exceedingly narrow" and that it "need not and do not address any other constitutional objection to the Arbitration [Agreement]." See Kane, 19 F.4th at 167.

Moreover, Plaintiff fails to state a Free Exercise claim to the extent she alleges an as-applied challenge to the Vaccine Mandate's exemption and accommodation process. The Second Circuit in NYFRL, dismissed plaintiffs' as-applied First Amendment Challenge, "reasoning that the complaint identified the city panel's undue-hardship rationale, but offered only 'threadbare conclusions' to contradict that finding." See Zapantis-Dalamakis v. City of NY, 2026 U.S. Dist. LEXIS 171126, at *10 (E.D.N.Y. July 31, 2026) (quoting NYFRL, 125 F.4th at 332-35). The Amended Complaint, similarly, proffers nothing "more-than-conclusory allegations[s] that the finding of undue hardship was erroneous or pretextual." Id. (quoting NYFRL, 125 F.4th at 333); see also Hurley v. Dept. of Educ. of the City of NY, 2025 U.S. Dist. LEXIS 188282, at *32-34 (E.D.N.Y .Sep. 23, 2025).

Accordingly, Plaintiff's First Amendment Free Exercise and Establishment Clause claims should be dismissed.

## POINT VII

## PLAINTIFF FAILS TO STATE A RETALIATION CLAIM[3]

Plaintiff fails to address Defendants' argument that because the Vaccine Mandate was set in motion before Plaintiff applied for an exemption, it was neither personal to her nor based on protected activity and, as such, cannot be the basis of a retaliation claim. See Defs' Mem., at 22-25. Instead, Plaintiff impermissibly attempts to amend her Amended Complaint and asserts a new theory of First Amendment retaliation based on not receiving a COVID-19 vaccine. See Pl.'s Opp., at 20-22. As an initial matter, Plaintiff abandoned this claim. See Helwing, 2021 U.S. Dist. LEXIS 38243 at *8. Furthermore, it is improperly pled for the first time in opposition and, consistent with settled caselaw, should not be considered. See Avillan v. Donahoe, 483 F. App'x 637, 639 (2d Cir. 2012).

Finally, even assuming the Court entertains this new claim, it still fails as a matter of law. In her opposition, Plaintiff newly contends that she "engaged in a first Amendment activity when she submitted a religious accommodation request explaining her sincerely held religious beliefs and objection to the vaccine mandate on religious grounds." See Pl.'s Opp., at 10. Even assuming this qualified as protected activity, Plaintiff still fails to state a plausible claim that she was terminated because of the "speech" and not because she failed to comply the Vaccine Mandate. See Hurley, 2025 U.S. Dist. LEXIS 188282, at *34-35. Consequently, this newly asserted claim must still be dismissed.

[3] As noted in Defendants' motion to dismiss (Def. Mem., at 8-10) and supra Points II and III, any alleged retaliation based on Plaintiff's reasonable accommodation request is barred for failure to file a notice of claim and otherwise time-barred under the SHRL and CHRL.

## POINT VIII

## PLAINTIFF'S DUE PROCESS CLAIM FAILS AS A MATTER OF LAW

As set forth in Defendants' moving papers, Plaintiff's Due Process claims fail because Plaintiff was not entitled to a hearing pursuant to New York Education Law § 3020-a. This is because non-compliance with the Vaccine Mandate constituted a failure to satisfy a "condition of employment" and did not implicate New York Education Law § 3020-a. See Defs' Mem., at 25-26. As such Plaintiff received all the due process she was entitled to.

In her opposition, Plaintiff largely repeats the same argument that she was entitled to a § 3020-a hearing, relying on Matter of NY State Unified Ct. Sys. V. NY State Pub. Empl. Relations Bd., 246 AD3d 471 (1st Dep't 2026), and her PERB decision (see Pl.'s Exh. P, Q). See Pl.'s Opp., at 15-17. These cases are distinguishable and inapposite. The Second Circuit has held that, even assuming Defendants failed to follow the proper state-law procedures in agreeing to arbitration, such a failure is insufficient to establish a due process claim. See Broecker v. NY City Dept. of Educ., 2023 U.S. App. LEXIS 30076, at *7 (2d Cir. Nov. 13, 2023) ("When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations."). The Second Circuit has also held that Plaintiff's claim that the DOE violated her due process rights by placing them on LWOP pursuant to the Arbitration Agreement without following the disciplinary procedures under New York Education Law Section § 3020-a, "at best challenges the results of the arbitration and the sufficiency under state law of the procedures it established to implement the Vaccine Mandate, which does not by itself state a federal claim." Id. at *7-8. Where adequate pre- and post- deprivation process was afforded, due process claims must be dismissed. Id. at *9.

Plaintiff concedes that she availed herself of the DOE's accommodation process. See Am. Compl., at ¶ 35. Plaintiff, thus, received sufficient pre-deprivation process. See Broecker v. NY City Dept. of Educ., 585 F. Supp .3d 299, 317 (E.D.N.Y. 2022). As to post-deprivation process, "[i]t is well-established that the Article 78 proceeding 'constitutes a wholly adequate post-deprivation hearing for due process purposes.'" Locurto v. Safir, 264 F.3d 154, 175 (2d Cir.2001). Plaintiff had the opportunity to seek relief via an Article 78 proceeding but chose not to. That decision, however, does not change the fact that Plaintiff had an available post-deprivation remedy that was adequate for due process purposes.

In addition, for the reasons set forth in Point IV, supra, Plaintiff was not entitled to a hearing under Education Law § 3020-a because the issue of vaccination involves a condition of employment, which does not require a hearing under Education Law § 3020-a. Accordingly, Plaintiff's due process claim fails as a matter of law.

## POINT IX

## PLAINTIFF'S MONELL CLAIM FAILS AS A MATTER OF LAW

As set forth in Defendants' moving papers, Plaintiff's Monell claim fails because Plaintiff has failed to show that her First or Fourteenth Amendment rights were violated. See Defs' Mem., at 27. For the reasons articulated in Defendants moving papers and in Points I, VI, and VIII, supra, Plaintiff continues to fail to plausibly allege that her constitutional rights were violated. Accordingly, Plaintiff's Monell claim should be dismissed. Trabacchi, 2025 U.S. Dist. LEXIS 148512 at *36.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in their initial moving papers, Defendants respectfully request that this Court grant their motion to dismiss the Amended Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 3, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-197
New York, New York 10007
(212) 356-2444

By: /s/ Shivani Damera
Shivani R. Damera
Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

ELIZABETH PARRINO, 24-cv-08892 (AMD) (JRC)

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES- RAMOS, Chancellor and KATHERINE RODI, Director of Employee Relations,

Defendants.

---------------------------------------------------------------------- X

**Shivani R. Damera**, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, certifies pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that the total number of words in the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, exclusive of the cover page, captions, table of authorities, table of contents, and signature block, is 3,219 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Thus, the document complies with the word count limit of no more than 3,500 words set forth in Rule 7.1(c).

Dated: New York, New York
September 3, 2026

/s/ Shivani Damera

Shivani R. Damera
Assistant Corporation Counsel